(No. 24324.

ALBERT E. BORGESON, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE FRED GRETSCH MANUFACTURING COMPANY, Plaintiff in Error.)

*Opinion filed February 16, 1938.*

BERNARD F. MARTIN, for plaintiff in error.

STEVENS & CARRIER, (LEE W. CARRIER, and WILLIAM C. CARRIER, of counsel,) for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

Albert E. Borgeson was employed by the Fred Gretsch Manufacturing Company of Chicago as a salesman of musical instruments. In the performance of his duties, he traveled by car through the south and southwest carrying samples with him. In the regular course of his employment he arrived in Chattanooga on the last Saturday of August, 1935, where he made an appointment to call Sunday morning on a local music company. He left his hotel the next morning, got his car containing his samples from the garage and parked it in the street about thirty feet from the hotel, and, after securing his brief case containing order books, etc., left to keep his appointment. After taking only one or two steps from the hotel he was shot by a bullet fired by a colored man directed toward a colored woman, both of whom were strangers to Borgeson. By reason of the bullet wound Borgeson sustained the injury for which compensation is claimed. Both the arbitrator and the Industrial Commission found the accident did not "arise out of" the employee's employment and denied his right to compensation. The circuit court of Cook county reversed these

findings on *certiorari,* and the cause is now before us on writ of error.

The facts are not in dispute and the nature and extent of Borgeson's injuries are not contested. The sole question presented for review is whether the injury was one "arising out of" and "in the course of" the applicant's employment.

We have heretofore held the phrases "arising out of" and "in the course of" the employment were used conjunctively in the Workmen's Compensation act and that the circumstances of the accident must satisfy both the one and the other. (*Danville, Urbana and Champaign Railway Co.* v. *Industrial Com.* 307 Ill. 142.) The applicant has the burden of showing that the injury occurred not only while "in the course of" his employment, but also that it arose "out of his employment." (*Mirific Products Co.* v. *Industrial Com.* 356 Ill. 645; *Landon* v. *Industrial Com.* 341 id. 51; *Nelson* v. *Industrial Com.* 346 id. 82.) In seeking a determination of the issue presented, no all inclusive rule can be laid down but each case must be decided with reference to its own circumstances. *Irwin-Neisler & Co.* v. *Industrial Com.* 346 Ill. 89; *Porter Co.* v. *Industrial Com.* 301 id. 76; *Dambold* v. *Industrial Com.* 323 id. 377.

The applicant in support of his contention that the injury arose out of the employment cites *Solar-Sturges Manf. Co.* v. *Industrial Com.* 315 Ill. 352; *Illinois Publishing Co.* v. *Industrial Com.* 299 id. 189; *McNaught* v. *Hines,* 300 id. 167; *Porter Co.* v. *Industrial Com. supra; Irwin-Neisler & Co.* v. *Industrial Com. supra; Pressed Steel Car Co.* v. *Industrial Com.* 340 Ill. 68; *Porter* v. *Industrial Com.* 352 id. 392, together with several cases from other jurisdictions. We have carefully examined all these cases.

The basic theory under which the applicant claims the right to compensation is that the nature of his employment required Borgeson to use the streets and highways in the performance of his duties; that thereby he was exposed to a greater extent than the general public to all the attend-

ant risks and perils incident to his necessary travel on such streets and highways; that the injury he received was incurred while in the usual performance .of his duties in a street and therefore arose out of and in the course of his employment. The above cases cited by defendant in error are in support of this contention.

In *Irwin-Neisler & Co.* v. *Industrial Com. supra,* compensation was allowed a salesman who was injured when his car overturned. In *Solar-Sturges Manf. Co.* v. *Industrial Com. supra,* an award was sustained for injuries received by a salesman struck by a street car. In *Illinois Publishing Co.* v. *Industrial Com. supra,* an award was confirmed for the death of an advertising solicitor killed in the collision of his car with another. In *McNaught* v. *Hines, supra,* a suit was brought against the defendant by the intestate's administrator for damages. The decedent was a traveling salesman who was struck by a locomotive while in the course of his employment. This court held that the suit was not maintainable for the reason that the suitor's remedy was under the Workmen's Compensation act. An award was upheld in *Porter Co.* v. *Industrial Com. supra,* where the applicant was a traveling salesman injured while attempting to board a street car. In *Pressed Steel Car Co.* v. *Industrial Com. supra,* petitioner's intestate was an auditor who died from monoxide poisoning while blanketing the hood of his car in zero weather preparatory to taking a train while on his employer's business. In *Porter* v. *Industrial Com. supra,* an award was sustained for an injury caused by a sudden lurch of the passenger coach in which the employee was riding as a passenger. In all these cases, however, a causal relation appears between the injury and the nature of the employment.

It is manifest from an examination of each of the above cases that the injury not only had its origin in the nature of the employment but was the direct result of the risks to which the injured employee, by reason of the nature and

incidents of his employment, was exposed to a greater degree than if he had not been so employed. It is not sufficient, however, that the presence of the injured person at the place of the injury is because of his employment, unless the injury itself is a result of some risk of that employment. If the injury is caused by reason of some factor unrelated to the nature of the employment it cannot be said to arise out of the employment. The injury arises out of the employment when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is required to be performed and the resulting injury. This test would exclude an injury which cannot fairly be traced to the employment as a contributing, proximate cause and which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. *Spiller* v. *Industrial Com.* 331 Ill. 401; *Jones Foundry Co.* v. *Industrial Com.* 312 id. 27; *Sure Pure Ice Co.* v. *Industrial Com.* 320 id. 332; *Jersey Ice Cream Co.* v. *Industrial Com.* 309 id. 187; *City of Chicago* v. *Industrial Com.* 292 id. 406; *Mix Dairy Co.* v. *Industrial Com.* 308 id. 549.

In *Spiller* v. *Industrial Com. supra,* a mechanic employed in a garage, while repairing a car, was struck and injured by a bullet accidentally fired by a friend in the garage office. In *Jones Foundry Co.* v. *Industrial Com. supra,* an employee draftsman was shot by a mentally deranged former employee in an altercation with the secretary of the company over wages claimed due him. In *Sure Pure Ice Co.* v. *Industrial Com. supra,* the night chief engineer on duty at the plant was shot by a policeman when the engineer did not obey a command to halt. In *Jersey Ice Cream Co.* v. *Industrial Com. supra,* an employee selling ice from the rear platform at the plant was shot by unidentified assailants. In *City of Chicago* v. *Industrial Com. supra,* an employee

who refused to get a can of drinking water for a fellow employee was struck on the head by a shovel in the hands of the other employee, and in *Mix Dairy Co.* v. *Industrial Com. supra,* a man employed to make milk deliveries in the early morning was shot by an assailant in the course of performing his regular duties. In each of these latter cases compensation was denied, on review by this court, for the reason that the injuries sustained in each of these cases did not have their origin in any risk peculiar to the employment and therefore there was no causal relation between the character of the employment and the injury.

In the instant case we are unable to perceive any connection between the injury and the nature of Borgeson's employment. The injury was not incurred through any risk incidental to or having its origin in the character of the employee's work. As we said in *Sure Pure Ice Co.* v. *Industrial Com. supra,* "It is not enough that the presence of the injured person at the place of the injury is because of his employment unless the injury itself is the result of some risk of the employment." The injury did not have its origin in any risk or hazard of traffic or transportation to which, as a traveling salesman, Borgeson might be subjected. He was injured because of his presence in the street at the time the shot was fired, but any loiterer there was exposed to the same risk. The injury cannot be traced to the nature of the employment as a contributing proximate cause. Borgeson was merely exposed to a danger common to the neighborhood and the injury suffered did not flow as a rational consequence from any risk connected with or arising out of his employment. *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241 ; *Mix Dairy Co.* v. *Industrial Com. supra.*

The judgment of the circuit court is reversed, and the decision of the Industrial Commission confirmed.

*Judgment reversed.*