(No. 24856.—

THE ABELL CHEVROLET COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(MAUD ABELL,
Defendant in Error.)

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

STONE & FOWLER, (WM. A. DORSEY, of counsel,) for
plaintiff in error.

ROY R. HELM, and H. A. EVANS, for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

Maud Abell filed with the Industrial Commission an
application for adjustment of her claim, alleging the injury
and death of Sam Abell, her husband, from an accident
arising out of and in the course of his employment. The
application specifically alleged that Sam Abell was engaged
in negotiating the sale of a used automobile to a prospective
purchaser in the used-car department of the Abell Chevrolet
Company garage, "and a terrific wind came from the south-
west, * * * the wind wrecked the building and a steel

beam from the front part of the garage building fell and struck Abell on the head and killed him instantly." There is no conflict in the evidence as to how the accident occurred or with respect to the force and effect of the storm.

One of the questions in issue is whether the accident to Abell arose out of the employment. The same cyclone which struck the garage and resulted in the death of Abell caused injury to Otis Holder, an employee of the same company. Holder filed an application for adjustment of his claim with the Industrial Commission. The application and proceeding was reviewed by this court in *Abell Chevrolet Co.* v. *Industrial Com.* 370 Ill. 460. We held that the accident did not arise out of Holder's employment. We said that before an injury resulting from an act of God may be said to have arisen from the employment, it must be shown there was a special or greater risk to the employee, arising from the employment relationship, than to other members of the general public in the vicinity, and that in that case there was no increased hazard to the defendant in error, arising out of his employment, which subjected him to an exceptional risk greater than to other persons who were exposed to the storm, in and out of the various buildings in the community, at the time. As the facts are similar in both cases the same rule of law must apply. The death of Abell and the accident causing it did not arise out of his employment. Abell was also an officer of the Abell Chevrolet Company and it is contended that he was not an employee within the provisions of the Workmen's Compensation act and that compensation cannot be awarded for that reason. We find it unnecessary to consider this question.

The judgment of the circuit court of Massac county is reversed and the cause remanded, with directions to set aside the award.

*Reversed and remanded, with directions.*