(No. 24849.—

THE ABELL CHEVROLET COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OTIS HOLDER, Defendant in Error.)

*Opinion filed February 15, 1939.*

STONE & FOWLER, (WM. A. DORSEY, of counsel,) for plaintiff in error.

FRED SMITH, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Otis Holder, defendant in error, was an automobile salesman employed by the Abell Chevrolet Company of

Metropolis, Illinois. An award for compensation was allowed him by the arbitrator for injuries received in a garage building during a cyclone, in the afternoon of March 25, 1935. Upon review, the Industrial Commission confirmed the award and, on *certiorari*, the circuit court of Massac county confirmed the award of the commission.

Defendant in error was engaged in selling an automobile inside the brick garage building of the company when a cyclonic windstorm struck the building and partially demolished it. The employment relationship, the injuries sustained, the amount of the award and the fact that brick and debris from the falling building, during the storm, caused Holder's injuries, are not in dispute. The building destroyed faced the east and an alley ran along the south side. There were door openings in both south and east walls, about 9 feet high by 13 to 15 feet wide, and both doors were open at the time of the storm. It is shown there were a dozen or more buildings damaged in various parts of the city, and other persons, in various places, were injured during the storm. Holder was in the rear portion of the garage and was showing an automobile for sale to a prospective customer. Someone gave a warning and just as Holder started out of the building he was struck by bricks and materials which were falling in from the roof and walls at the time. The force of the storm twisted the roof off, the east and west walls fell outwardly and the north and south walls partially fell in.

The questions to be determined are whether the injury to defendant in error arose out of his employment, and whether plaintiff in error received notice or knowledge of the injury within the time fixed by section 24 of the Workmen's Compensation act. Ill. Rev. Stat. 1937, chap. 48, par. 161.

We have repeatedly said a finding of fact made by the Industrial Commission would not be disturbed unless the finding is manifestly against the weight of the evidence,

but the burden of proof is upon the claimant to show, by a preponderance of the evidence, that the injury for which compensation is claimed not only occurred during the course of his employment but arose out of it. (*Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Board of Education* v. *Industrial Com.* 321 id. 23.) It is conceded, in the present case, that the injury was incurred "in the course of" the employment and the question left for determination was whether the injury "arose out of" the employment. No question is raised but that the injury was the result of the falling debris caused by a cyclone. This court, as well as others, has on many occasions considered cases involving injuries resulting from actions of the elements. There seems to be no question about the general rule that before an injury resulting from an act of God may be said to have arisen from the employment, it must be shown there was a special or greater risk to the employee, arising from the employment relationship, than to other members of the general public in the vicinity. (*Alzina Construction Co.* v. *Industrial Com.* 309 Ill. 395; *Central Illinois Public Service Co.* v. *Industrial Com.* 291 id. 256; *Great American Indemnity Co.* v. *Industrial Com.* 367 id. 241.) The *Central Illinois Public Service Co. case, supra,* (herein called the *Kilgore case,*) was the first one in this jurisdiction involving injuries received during a cyclone. In that case the court held compensation could be awarded because it was shown that fumes and steam contributed most largely to the employee's death and because the circumstances of the employment showed risks of being injured by storm, not common to the people in that vicinity. The rule applicable to such cases was stated as follows: "We believe the reasonable rule to be that if deceased, by reason of his employment, was exposed to a risk of being injured by a storm, which was greater than the risk to which the public in that vicinity was subject, or if his employment necessarily accentuated the natural hazard from the storm, which in-

creased hazard contributed to the injury, it was an injury arising out of the employment although unexpected and unusual. * * * While the risk arising from the action of the elements, such as a cyclone, is such a risk as all people of the same locality are subjected to independent of employment, yet the circumstances of a particular employment may make the danger of receiving a particular injury through such storm an exceptional risk and one to which the public generally is not subjected. Such injury may be then said to arise out of the employment." This rule was applied in *Mobile and Ohio Railway Co.* v. *Industrial Com.* 28 Fed. (2d) 228, which case involved an employee who was working in a railroad shop at Murphysboro, Illinois. The building was struck by a tornado which caused severe damage in the shop as well as other parts of the city. The employee was running from the blacksmith shop to a machine shop when flying debris struck him, causing death. The court, citing the *Kilgore case,* said: "There was no peculiar exposure of the deceased in the present case. He was subjected to no increased danger from the elements. There was no accentuated risk arising out of an employment."

Defendant in error advances the theory that the garage collapsed because it was carelessly constructed and because both doors in the east and south walls were open, thereby allowing the wind to sweep through the building, causing its destruction. Careful examination of the record shows nothing of the details concerning the construction of the building, except that it was built of ordinary brick and tile. There is no evidence to indicate this garage contained any defect in building or was otherwise hazardous. There is no evidence to sustain the theory that the open doors would be more liable to cause a building to collapse in a cyclone than if the doors were closed, and even if this were true, people do not ordinarily anticipate cyclones nor know where they will strike. We cannot say from the record that there was an increased hazard to defendant in error, arising out of

his employment, which subjected him to an exceptional risk greater than to other persons who were exposed to the storm, in and out of the various buildings in the community, at the time. The evidence was not sufficient to show the injury of defendant in error arose out of his employment. The same conclusion has been reached in other jurisdictions. *Walker* v. *Wilkins, Inc.* 194. S. E. (N. C.) 89; *Rush* v. *Empire Oil and Refining Co.* 34 Pac. (2d) (Kan.) 542; *Gale* v. *Krug Park Amusement Co.* 208 N. W. (Neb.) 739; *Slanina* v. *Industrial Com.* 158 N. E. (Ohio) 829.

The findings of the arbitrator and commission, on both questions involved herein, were erroneous and not supported by the evidence in the record.

The judgment of the circuit court of Massac county is reversed and the cause remanded, with directions to set aside the award.

*Reversed and remanded, with directions.*