(No. 26181.—

WALTER L. FARLEY, Plaintiff in Error, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(LEO E. DWYER, Defendant in Error.)

*Opinion filed November 18, 1941.*

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, and CLAUD D. RABER, of counsel,) for plaintiff in error.

ROBERT P. TOBIN, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

Leo E. Dwyer, an employee of plaintiff in error, Walter L. Farley, was injured by slipping and falling upon an icy street while going to work in the morning. Compensation in the sum of $325.60, with medical bills amounting to $49, was allowed by the arbitrator and confirmed by the Industrial Commission, and on *certiorari* to the circuit court of McHenry county judgment was entered sustaining the action of the Industrial Commission. We have allowed a writ of error to this court.

Plaintiff in error operated a general store in Huntley, Illinois, a village of approximately 650 population, located in a farming community. The store was stocked with a varied line of merchandise, and one employee, other than Dwyer, was employed. The latter was the general manager and served also as a clerk, attended to the banking, handling of mail, made collections and sometimes drove through the country on good-will tours. He made occasional deliveries of merchandise; opened the store regularly each morning at seven and closed it at 6:00 P. M. His duties required him ordinarily to make two trips daily to the bank and to the post office. The store was located on Main street and respondent lived about four blocks away.

Some four years before the accident the employer had requested Dwyer to take a parcel containing silver money, currency, notes and other papers home with him each evening and to bring them back to the store in the morning. The money was petty cash of the store and items received after banking hours. The parcel was about 8 inches long, 5 inches wide and 2 inches thick, and he carried it in his

hand. During the course of the day of February 7, 1940, there had been a sleet storm in Huntley, causing a heavy coating of ice over the streets and sidewalks, and during the night there was a slight fall of snow. On the morning of February 8, shortly before seven, Dwyer left his home to walk to the place of his employment. The sidewalks had not been cleaned. When about half of the distance between his home and the store, and while going down a slight incline he walked across a patch of ice covered with snow, and fell to the ground. At the point where he fell there was a driveway from the street across the parkway and into a private ground. At the time he fell he was carrying the parcel above described. The sole issue raised by plaintiff in error is whether or not the accidental injury complained of arose out of and in the course of the employment.

The facts are not in controversy, and in such case the issue as to whether the injuries of an employee arose out of and in the course of the employment becomes a question of law. (*Ervin* v. *Industrial Com.* 364 Ill. 56; *Mazursky* v. *Industrial Com.* id. 445.) To entitle an employee to compensation both elements must be present at the time of the accidental injury. It is not alone sufficient that the injury was received by the employee in the course of the employment, but it must arise while he is acting within the duties of his employment, or some act incidental thereto. *Mazursky* v. *Industrial Com. supra; Vincennes Bridge Co.* v. *Industrial Com.* 351 Ill. 444.

The question presented in this case is whether the injury to the employee, while walking along an icy street on his way to work, was an injury which arose out of the employment. What constitutes "arising out of employment" has been before this court several times. In *Borgeson* v. *Industrial Com.* 368 Ill. 188, it was said: "The injury arises out of the employment when, upon consideration of all of the circumstances, there is apparent to the ra-

tional mind a causal connection between the conditions under which the work is required to be performed and the resulting injury. This test would exclude an injury which cannot fairly be traced to the employment as a contributing, proximate cause and which comes from a hazard to which the employee would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood." In that case a salesman while walking in the street was injured by a bullet fired by a man on the street shooting at another, and accidentally striking the employee.

In *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241, it was said, quoting from *Mueller Construction Co.* v. *Industrial Com.* 283 Ill. 148: "The gist of the decisions seems to be that there must be some special risk incident to the particular employment which imposes a greater danger upon the employee than upon other persons using the streets. The criterion, however, is not that other persons are exposed to the same danger, but rather that the employment renders the workman peculiarly subject to the danger." In that case the employee was transacting business for his employer out of the office, and while returning along the public street a foreign substance became deposited in his eye causing him to lose the sight thereof. In each of these cases it was held the injury did not arise out of the employment.

These cases are controlling here. If the employee instead of falling on the ice had been accidentally shot while walking along the street, as in the *Borgeson case,* or had accidentally gotten a foreign substance in his eye, from which he lost it, there could be no compensation allowed. The presence of snow or ice upon sidewalks and the risk incident thereto is common to every person who uses them. It cannot be a special risk incident to the employment, because the danger to the employee is exactly the same as the danger to every person using the street. As said in the

*Borgeson case* the injury cannot be traced to the employment as a contributing, proximate cause, and does not come from a hazard to which the respondent would not have been equally exposed apart from the employment.

It is urged that the carrying of the package containing the notes and money might have contributed to or increased the risk, but respondent does not claim it had anything to do with his fall, and it is not otherwise shown by the evidence. We are bound to know as a matter of common knowledge that the carrying of a small package does not create a risk of falling not incidental to scores of people who every day walk the streets with something in their hands. We are of the opinion that the injury in this case was caused by a risk incidental to the public, and not one peculiar to the employment.

The judgment of the circuit court of McHenry county is reversed and the cause is remanded, with directions to set aside the award of the Industrial Commission.

*Reversed and remanded, with directions.*