(No. 26892.—

Arletta M. Klug, Defendant in Error, *vs.* The Indus-
trial Commission *et al.*—(The Board of Education
of Union School District No. 46, Plaintiff in Error.)

*Opinion filed January 21, 1943.*

HEALY, BEVERLY & FUNK, (GLENN R. BEVERLY, and PAUL G. FUNK, of counsel,) for plaintiff in error.

PAULSON & MORGAN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a writ of error granted by this court to review the judgment of the circuit court of Kane county. The case arises under the Workmen's Compensation Act. It involves a claim for compensation on account of injuries received by Arletta M. Klug. It is claimed the injuries sustained were accidental and arose out of and in the course of her employment. Application for adjustment of claim was filed February 11, 1938, alleging the accident occurred on September 13, 1937, at the Abbott school in Elgin, Illinois, where she was employed as assistant librarian. She arrived at the Abbott school after lunch, parked her car in front of the school on a public street and, after leaving same, observed that one of the car windows was open. She returned to the car to close the window and, after unlocking the door, she pulled it open and, in so doing, the corner of the car door struck her in the left eye, injuring her.

Stipulations were entered into that the parties were operating under the provisions of the Workmen's Com-

pensation Act; that adequate notice was given and claim made in due time; that claimant was twenty-one years old at the time of the alleged injury.

This case was heard before the arbitrator upon evidence submitted by defendant in error alone. No evidence was offered by plaintiff in error. No further evidence was offered by either party on the hearing before the Industrial Commission. The arbitrator found that claimant was not entitled to compensation for the reason that the accident did not arise out of and in the course of her employment and later, on review, the Industrial Commission entered an order sustaining and affirming the decision of the arbitrator denying compensation.

Defendant in error removed the cause to the circuit court of Kane county by *certiorari*. The court reversed the decision of the commission and entered judgment for an award in favor of defendant in error, Arletta M. Klug, in accordance with the provisions of the Workmen's Compensation Act.

The evidence reveals that on September 13, 1937, and for some time prior thereto, defendant in error worked for the board of education as an assistant kindergarten teacher in Lincoln school in the forenoon and as an assistant librarian in the Abbott school in the afternoon. She was, during the noon lunch hour, free to do anything she desired and could take her lunch wherever she pleased. The method by which she traveled from one school to another was left entirely to her own choice and the automobile which she used did not belong to the board of education, neither did the board of education have any supervision as to its use. On the particular day of her injury she left her employment at the Lincoln school at noon, drove her family automobile to the factory where her father worked, took him home to lunch, drove him back to a place near the factory, then drove to the Abbott school, her place of employment, and parked her car in front of

the school on a public street. After locking the door and taking a step or two toward the schoolhouse, she noticed that one of the windows in the car was open so she returned to unlock the car in order to close the window, that the car would be fully locked as a precaution against theft. The car door, according to her statement, had been sticking. She gave it a jerk in opening it and it swung open and struck her, breaking her glasses and injuring her eye.

The only question presented for decision is whether or not the injury arose out of and in the course of her employment. It was incumbent on defendant in error to prove that her injury arose out of and in the course of her employment. These words have often been used and construed by this court and it is now well established that the words "out of" point to the origin of the cause of the accident, and the words "in the course of" point to the time, place and circumstances under which the accident occurred. These words are used together and there can be no recovery in this case unless the injury occurred in the course of the employment and also arose out of the employment. The accident must result from a risk incidental to the employment and while the employee is doing that which he is reasonably required to do within the time of his employment and at the place where he may be reasonably expected to be while discharging the duties of his employment. *Board of Education of the City of Chicago* v. *Industrial Com.* 321 Ill. 23; *Dietzen Co.* v. *Industrial Board,* 279 id. 11; *Morris & Co.* v. *Industrial Com.* 295 id. 49.

In order for an accident to arise out of the employment it must be incidental to the performance of the contract of service, and the origin or cause of the accident must belong to and be connected with the contract of service. (*Swartz* v. *Industrial Com.* 379 Ill. 139; *Rainford* v. *Industrial Com.* 289 id. 427.) The Workmen's Compensation Act does not apply to every accidental injury which may happen to an employee during his employment.

It does not make the employer an insurer against all injury. The injury contemplated by the act must have its origin in some risk of the employment. (*Schwartz* v. *Industrial Com. supra; Edelweiss Gardens* v. *Industrial Com.* 290 Ill. 459.) The employer is liable for compensation only for an injury which occurs to the employee while performing some act for the employer in the course of his employment, or incidental to it. (*Schwartz* v. *Industrial Com. supra; Fairbank Co.* v. *Industrial Com.* 285 Ill. 11.) A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. (*Boorde* v. *Industrial Com.* 310 Ill. 62.) A prerequisite to the right to compensation is that the accidental injury must arise out of, as well as occur in the course of, the employment, and the mere fact that the duties take the employee to the place of the injury and that, but for the employment, he would not have been there, is not, of itself, sufficient to give rise to the right to compensation. There must be some causal relation between the employment and the injury, and the causative danger must be peculiar to the work and not common to the neighborhood. *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241.

In order for an accidental injury to come within the Workmen's Compensation Act it must be of such character that it may be seen to have had its origin in the nature of the employment or have been incidental to the employment, or it must have been the result of a risk to which, by reason of the employment, the injured employee was exposed to a greater degree than if he had not been so employed. It is not enough that the presence of the injured person at the place he was injured was due to his employment, if the injury is sustained by reason of some cause having no relation to the nature of the employment. *Sure Pure Ice Co.* v. *Industrial Com.* 320 Ill. 332.

The record shows conclusively that the defendant in error was permitted to do as she saw fit during her lunch hour. In this the employer attempted to exercise no control whatever. She had the right to choose her own time for lunch and her employment was such as to be suspended during that time. At the noon hour she was not instructed by the board of education as to what she should do. She was free to take her lunch wherever she desired and was free to do anything during the noon hour that she pleased.

Where a lunch period is not subject to an employer's control or restricted in any way, the employee being free to go where he will at the time, and that employee is injured on a public street, the injury does not arise out of the employment. *Roberts & Oake* v. *Industrial Com.* 378 Ill. 612; *Pearce* v. *Industrial Com.* 299 id. 161.

An injury, to be compensable under the Workmen's Compensation Act, must arise out of the employment, have its origin in the employment and be the result of a certain risk attendant upon the employment. (*Boorde* v. *Industrial Com. supra.*) In order for a risk to be incidental to the employment it must have a relation to the work performed by the employee in fulfilling his contract of service. *Weis Paper Mill Co.* v. *Industrial Com.* 293 Ill. 284.

A careful examination of the record fails to disclose any evidence which connects the accidental injuries claimed with the employment, within the rules above mentioned. The duties of defendant in error were to be performed entirely in the school building. She had completed her duties at Lincoln school and had been engaged in her own activities for some time. At the time of the accident she was on her way to Abbott school to begin her work there. She was not working at the time the accident occurred.

In the case of *Schwartz* v. *Industrial Com. supra,* an application for compensation for the death of an employee, caused by eating contaminated food in a nearby restaurant,

was denied. The employee in that case was free to go out for his meals at any hour or place he chose, but he always left word at the store where he was employed, as manager as to some of his duties, assistant manager as to other duties, and also as a salesman, just where he might be reached if needed at the store. This court held that while he was getting his meal at the restaurant he was still within the course of his employment, but that the risk to which he was exposed, of eating contaminated food, did not arise out of and in the course of his employment; that there was no causal connection between his partaking of the contaminated food and his employment in the store. We think the same might be said as to the instant case; that there is no causal connection between defendant in error's employment as an assistant librarian at Abbott school and the pulling open by her of a defective door on her automobile while the same was parked on a public street. Her risk of being injured by this defective door was to no extent increased by reason of her employment.

The sole question raised is whether or not the injury arose out of and in the course of the employment of defendant in error, which injury occurred during her lunch period or prior to resuming her duties at the Abbott school. Where a lunch period is not subject to the employer's control or restricted in any way, the employee being free to go where he will at that time, and the employee is injured on a public street, the injury does not arise in the course of such employment. Further, the risk in which the accident had its origin was not connected with her employment in any manner and the accident did not arise out of such employment. The opening of the door to lock up the car was not related to or incidental to any work she was required to perform in fulfilling her contract of service. Counsel for defendant in error has cited a number of cases including one from a foreign jurisdiction. An analysis of these cases distinguishes them from the instant case.

In none of the cases cited do we find any factual situation similar to the case shown by this record. All of the cases cited are readily and easily distinguishable on the facts from the case here presented.

The decision of the Industrial Commission confirming and approving the decision of the arbitrator, finding that Arletta M. Klug did not sustain an accidental injury arising out of and in the course of her employment, is sustained not only by a preponderance of the substantial evidence of the record, but by all of the evidence introduced. The circuit court erred in setting aside the decision of the commission and in entering an award against plaintiff in error. The judgment of the circuit court is reversed.

*Judgment reversed.*