(No. 27929.—

ILLINOIS COUNTRY CLUB, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN P. McGILL, JR., Defendant in Error.)

*Opinion filed September 19, 1944.*

ANGERSTEIN & ANGERSTEIN, (BERNARD F. MARTIN, THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, and MICHAEL J. THUMA, of counsel,) all of Chicago, for plaintiff in error.

AUGUSTINE J. BOWE, WILLIAM J. BOWE, and JOHN D. CASEY, all of Chicago, for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

John P. McGill, Jr., by Sarah McGill, his mother and next friend, filed an application for the adjustment of compensation with the Industrial Commission, charging that he suffered an accidental injury caused by a stroke of lightning on May 22, 1941, while employed as a caddy by the Illinois Country Club, Inc. The arbitrator denied compensation on the ground that the accidental injury did not arise out of and in the course of McGill's employment. The Industrial Commission, on review, set aside the finding of the arbitrator, decided that McGill's accidental injuries arose out of and in the course of his employment, and awarded him compensation for temporary total disability. The circuit court of Cook county confirmed the decision of the commission. We have granted the petition of the employer for a writ of error, and the record is submitted for a further review.

The facts and circumstances attending the injury are not in dispute. Nor is the employment relationship challenged. May 22, 1941, a church holiday, McGill, then sixteen years of age, a student at Foreman High School, Chicago, worked as a caddy on the golf course of the Illinois Country Club. He had served as a caddy at this club during previous summers and on holidays during the current school year. About 1:30 o'clock in the afternoon, McGill was caddying for a patron of the club, Martin Ward, who was playing golf with two other persons, and they, in turn, were accompanied by caddies. A storm arose while Ward and his companions were on the fourth hole. According to McGill, "It was not lightning yet and he played a few more holes." He testified further that when they arrived at the sixth hole it started lightning and "I went out where Martin (Ward) was and got struck." Other testimony on direct as well as on cross-examination indicates that McGill was under a tree at the time he was struck. On cross-examination, he stated that "when the storm started to

come up," the golfers continued their game, played the fifth and sixth holes and were going to the seventh tee. He added that immediately before being struck he was holding two golf bags in which there were about thirty clubs, made partly of wood and partly of steel, and that he happened to be holding the two bags because another caddy was holding an umbrella over four members of the group who were standing under a tree. In either event, whether McGill, when struck, was on the fairway or sheltered under a tree, he lost consciousness and, upon reviving shortly afterwards, ran towards the club house where he fainted. A member administered first aid, and he was taken to a hospital where he remained four days.

Other facts and circumstances merit mention. McGill, when struck, was wearing a belt with a metal stud. He suffered a mark or burn on his right arm at the elbow and a ring of burns above the belt line of his abdomen. Testimony with respect to the extent and effect of the injuries sustained need not be recounted. So far as the record discloses, no other person in the group of players or caddies nor any other person on the golf course was struck by lightning during the storm. Likewise, evidence is wanting that any tree, the golf clubs, or any other objects were struck.

Since the facts are not in controversy, the decisive issue as to whether the employee's injuries arose out of and in the course of his employment is a question of law. (*Farley* v. *Industrial Com.* 378 Ill. 234; *Northwestern Yeast Co.* v. *Industrial Com.* 378 Ill. 195; *Puttkammer* v. *Industrial Com.* 371 Ill. 497; *Ervin* v. *Industrial Com.* 364 Ill. 56.) The Workmen's Compensation Act requires that an accidental injury, to be compensable, must arise out of and in the course of employment. The phrases "arising out of" and "in the course of" the employment are used conjunctively in the statute. (*Klug* v. *Industrial Com.* 381 Ill. 608; *Borgeson* v. *Industrial Com.* 368 Ill. 188.) In par-

ticular, the words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words, "in the course of" refer to the time, place and circumstances under which the accident occurs. (*Vincennes Bridge Co.* v. *Industrial Com.* 351 Ill. 444; *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148.) Both elements must, however, be present at the time of injury in order to justify compensation. (*Mazursky* v. *Industrial Com.* 364 Ill. 445.) Admittedly, McGill's injury was received in the course of his employment. Unless it also arose out of his employment, the award of compensation cannot stand. The precise question thus presented for decision is whether injuries to an employee, caused by a stroke of lightning while engaged in the performance of his duties as a caddy on a golf course, under the circumstances narrated, arise out of his employment. An injury may be said to arise out of the employment when, upon consideration of all the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is required to be performed and the resulting injury. The mere fact that an employee was present at the place of injury because of his employment will not suffice unless the injury itself is a result of some risk of the employment. (*Borgeson* v. *Industrial Com.* 368 Ill. 188; *McNicol's case,* 215 Mass. 497.) Conversely, if an injury is caused by reason of some factor unrelated to the nature of the employment, it cannot be said to arise out of the employment, and an injury which cannot fairly be traced to the employment as a contributing, proximate cause, and which comes from a hazard to which the employee would have been equally exposed apart from the employment, does not arise out of the employment, as the causative danger must be peculiar to the work and not common to the neighborhood and the public. *Payne and Dolan* v. *Industrial Com.* 382 Ill. 177; *Farley* v. *Industrial Com.* 378 Ill. 234; *City of Chicago* v. *Industrial Com.* 376

Ill. 207; *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241.

In the light of the law applicable to the uncontroverted facts, the employer contends that an injury resulting from lightning is not compensable, in the absence of evidence of the position of the injured employee being more hazardous than that of others in the same community, thereby rendering the risk to the employee greater. On the other hand, McGill maintains that his injury arose out of his employment because evidence was adduced of a special or greater risk to him arising from the employment relationship than to the other members of the general public in the general vicinity. Injuries resulting from exposure to weather conditions, such as lightning, are generally deemed risks to which the general public is exposed and not within the contemplation of workmen's compensation acts, although the injured person, at the time he suffered his injury, may have been performing duties incident to and in the course of his employment. Where, however, an employee, because of his duties, is exposed to a special or peculiar danger from the elements, namely, a danger greater than that to which other persons in the community are subjected, and an unexpected injury is sustained by reason of the elements, the injury constitutes an accident arising out, as well as in the course, of employment. In short, if the character of employment intensifies the risks arising from extraordinary natural causes, an accident under such circumstances is one arising out of the employment. But if, instead, the accident, under the circumstances of the employment, was merely a consequence of the severity of the elements, to which persons in the locality, whether so employed or not, were equally exposed, it is not compensable. *National Ice and Fuel Co.* v. *Industrial Com. ante,* p. 31; *Consumers Co.* v. *Industrial Com.* 324 Ill. 152; *Alzina Construction Co.* v. *Industrial Com.* 309 Ill. 395; *Central Illinois Public Service Co.* v. *Industrial Com.* 291 Ill. 256.

Numerous cases involving claims for compensation for injuries caused by lightning are reviewed in *Alzina Construction Co.* v. *Industrial Com.* 309 Ill. 395. In the principal case, John F. Kelly, an employee of the construction company, was wheeling in sacks of cement from a boxcar into a one-room cement house twenty feet high located about thirty feet from a switch-track and about fifty feet from the main tracks of the Illinois Traction System. On the north side of the structure was a narrow-gauge railroad, the rails being laid on steel ties. Sacks of cement were being wheeled into the building on trucks which had steel wheels and braces but wooden handles. Lightning struck Kelly as he was taking in a final load of cement at the second door from the south end of the building. Neither it nor any of the other buildings not far distant from the cement house was struck. Holding that Kelly's fatal injury was not compensable, this court observed, "we do not think that the cement house was of such an outstanding character, or that the circumstances connected with the accident were of such a nature, as to justify the holding that the accident arose out of Kelly's employment. * * * We do not think the evidence in the record showed any causal connection between the accident and the work in which the employee was engaged at the time, or that the place of employment exposed him more to the risk of being struck by lightning than any person in any other employment in that locality."

We reached the same conclusion in *Abell Chevrolet Co.* v. *Industrial Com.* 370 Ill. 460, where an automobile salesman was injured by the collapse of a garage building during a cyclone. To the same effect is *Abell Chevrolet Co.* v. *Industrial Com.* 371 Ill. 76.

The conclusion is irresistible that McGill's injury bore no reasonable relation to the nature of and did not arise out of his employment, within the purview of our Work-

men's Compensation Act. His testimony, and it is the only testimony in this regard, fails to disclose a special or greater risk to him of being struck by lightning arising from his employment as a caddy, than to other members of the general public on and in the vicinity of the golf course when the electrical storm occurred. Risk of being struck by lightning is one to which every person in the same neighborhood was similarly subjected. In short, the danger to McGill of being struck by lightning was precisely the same as to other persons on and in the vicinity of the golf course. His employment did not expose him to a risk, in this respect, to a greater degree than if he had not been employed. The Workmen's Compensation Act does not intend that the employer who comes within its provisions shall be an insurer of the safety of its employees at all times during the period of the employment. (*Mt. Olive & Staunton Coal Co.* v. *Industrial Com.* 374 Ill. 461; *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241; *Weis Paper Mill Co.* v. *Industrial Com.* 293 Ill. 284.) Since the hazard of being struck by lightning was neither incidental nor peculiar to McGill's employment, but was caused by a risk incidental to the public, it cannot be said that a causal relation obtained between the employment and the injury. For the reason that McGill's injury did not originate in a risk connected with or incidental to the employment, it did not arise out of his employment and, hence, is not compensable.

The judgment of the circuit court of Cook county is reversed and the cause is remanded, with directions to set aside the award of the Industrial Commission.

*Reversed and remanded, with directions.*