(No. 28800.—⬛)

THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 100,
Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION
et al.—(NELLE M. GULLETT, Defendant in Error.)

*Opinion filed November 21, 1945—Rehearing denied Jan. 16, 1946.*

CRAIG & CRAIG, of Mattoon, for plaintiff in error.

HARRY I. HANNAH, and THOMAS R. FIGENBAUM, both
of Mattoon, for defendant in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

Nelle M. Gullett was employed by the plaintiff in error
as a school teacher and principal of one of its grade schools
in the city of Mattoon, Illinois.  She was injured by slip-

ping and falling on an icy street while going to work in the morning of December 10, 1942. She filed an application for adjustment of claim and after a hearing the arbitrator found that she had not sustained an injury arising out of and in the course of her employment and denied compensation.

Upon petition for review, the Industrial Commission set aside the decision of the arbitrator and awarded compensation for the sum of $775 for medical and surgical bills, the sum of $16.50 per week for a period of 38 3/7 weeks for temporary total incapacity, and the additional sum of $16.50 per week for a period of 66½ weeks for permanent and complete loss of use of 35 per cent of the left leg. On *certiorari* to the circuit court of Coles county, judgment was entered sustaining the action of the Industrial Commission. We have allowed a writ of error to this court.

On the afternoon of December 9, 1942, Nelle M. Gullett attended a principals' meeting called by the superintendent of schools at Mattoon. At that meeting she was given supplies for school purposes by the superintendent. These included an illustrated book, a large bottle of ink and several bottles of mucilage. Miss Gullett took these materials to her home and on the following morning left for a school a little before eight o'clock, carrying in addition to the above articles, her notebook, a roll of weekly readers or school magazines and her lunch in a bag. It was a cold, snowy morning and on her way to school she slipped and fell on the icy sidewalk sustaining a compound fracture of her left leg. The weather conditions were general throughout the city.

The facts above stated are not in dispute, but there is some controversy over the extent of the injury. The main question, therefore, as to whether the injuries of the employee arose out of and in the course of the employment, becomes one of law.

It is not alone sufficient that the injury was received by the employee in the course of the employment, but it must arise while he is acting within the duties of his employment, or some act incidental thereo. To entitle the employee to compensation, both elements must be present at the time of the accidental injury. *Farley* v. *Industrial Com.* 378 Ill. 234; *Ervin* v. *Industrial Com.* 364 Ill. 56.

The general rule is that employment does not begin until the employee reaches the place of employment, and does not continue after he has left the place of employment. (*General Steel Castings Corp.* v. *Industrial Com.* 388 Ill. 66.) This general rule is subject to exception, however, as was shown in the case of *Mueller Construction Co.* v. *Industrial Board*, 283 Ill. 148. The defendant in error, Nelle M. Gullett, has placed much reliance on the latter case for sustaining the judgment of the circuit court. There, a carpenter foreman was the claimant. It was his duty to order all materials for a remodelling and construction job as well as to hire and discharge all the men under him and to have full control of the work. There was no telephone in the building where the work was under way and, for a period of three or four months, the foreman had been accustomed to crossing the street for the purpose of ordering materials over the telephone. It was clearly a part of his duties to order the materials to be used on the job. While in the act of crossing the street for this purpose, he was struck and injured by an automobile. In that case it was stated: "If, as a part of his duties, he was required to cross the public street for the purpose of telephoning on the business of his employer and while so doing was struck by a passing vehicle, we are unable to see why, under the facts in his case, such an accident does not arise out of his employment as well as in the course of his employment. He was injured in performing a regular duty that was expected of him."

There are many cases in Illinois, however, which hold that travel to and from the place of employment is not within the scope of the Workman's Compensation Act. In *Landon* v. *Industrial Com.* 341 Ill. 51, we said: "The cases which hold that an employee injured while going to or coming from his work is within the course of his employment have been cases decided upon the ground that the employment required a particular route to be traveled or the route followed was the only one open to the employee. Where the employee is left to his own choice as to a method of reaching his place of employment or in going home and selects a dangerous route when he could have selected a safe one, his act in so doing is not incident to the employment."

In *Klug* v. *Industrial Com.* 381 Ill. 608, an assistant librarian of a public school after her lunch period was on her way to one of the schools to begin her work there. She parked her car in the public street in front of the school building and was injured by being struck in the eye with the door of her automobile while attempting to lock the car. We held that where an employee is free to go where she will and is injured on the public street, the injury does not arise out of and in the course of such employment.

In the recent case of *General Steel Casting Corp.* v. *Industrial Com.* 388 Ill. 66, we announced the following rule: "Whether an accident is so related or incident to the employment as to cause it to be seen that it arose out of or in the course of the employment, depends upon the particular circumstances of each case. No formula can be laid down which will automatically solve every case. The test is whether the employee, when injured, was at the place where, by reason of his employment, he was required to be, or where he is subjected by reason of his employment to a hazard to which the public is not exposed, or to which he by reason of his employment is exposed pecu-

liarly and to a greater degree than the public. If his work for the day is ended and he is off his employer's premises where the hazard to which he is exposed is the same and of the same degree as that to which the public is exposed, his injury is not compensable. It is not sufficient to say he would not have been at that place if it had not been for his job, since the same can usually be said of the general public."

In *Farley* v. *Industrial Com*, 378 Ill. 234, one Dwyer was employed as manager and clerk in a general store. For several years before the accident his employer had requested Dwyer to take a parcel containing notes and other papers home with him each evening and to bring them back to the store with him each morning. Shortly before the day of the accident there had been a sleet storm causing a heavy coating of ice over the streets and sidewalks and during the night before a slight fall of snow. In walking from his home to the store carrying the package of papers in his hand, Dwyer walked across a patch of ice covered with snow and slipped and fell to the ground, injuring himself. In holding there could be no recovery, this court said: "The presence of snow or ice upon sidewalks and the risk incident thereto is common to every person who uses them. It cannot be a special risk incident to the employment, because the danger to the employee is exactly the same as the danger to every person using the street. As said in the *Borgeson case* the injury cannot be traced to the employment as a contributing, proximate cause, and does not come from a hazard to which the respondent would not have been equally exposed apart from the employment. It is urged that the carrying of the package containing the notes and money might have contributed to or increased the risk, but respondent does not claim it had anything to do with his fall, and it is not otherwise shown by the evidence. We are bound to know as a matter of common knowledge that the carrying of a small package

does not create a risk of falling not incidental to scores of people who every day walk the streets with something in their hands. We are of the opinion that the injury in this case was caused by a risk incidental to the public, and not one peculiar to the employment."

The *Farley case* presents a situation very similar to the one under consideration, but the defendant in error attempts to distinguish it by stating that Miss Gullett was required to carry with her the various school supplies and the carrying of them increased the hazard that she was subject to and took her out of the class of the general public. We do not believe the size or number of the packages carried by the employee could be made the basis of liability where the injury is such as might happen to any member of the public who might have attempted to cross that particular spot at that time.

Miss Gullett was left entirely to her own choice as to the route she selected in going from her home to the school and as to the number of packages she would carry. The school board did not exercise any supervision or control over the method or manner of her going to and from her home to the school.

We think the facts of the *Mueller case* are clearly distinguishable from the present one and that other cases cited are controlling here. Other cases confirming the same principles are *Borgeson* v. *Industrial Com.* 368 Ill. 188, *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241, and *Illinois Country Club, Inc.* v. *Industrial Com.* 387 Ill. 484. We are of the opinion that defendant in error's injury did not arise out of or in the course of her employment and that it was caused by a risk incidental to the public and not peculiar to the employment.

The judgment of the circuit court of Coles county is reversed and the cause remanded, with directions to set aside the award of the Industrial Commission.

*Reversed and remanded, with directions.*