(No. 3677▮▮▮▮▮▮▮▮

RICHARD M. REINERTSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

*Opinion on Rehearing filed November 12, 1947.*

WILLIAM E. MCNAMARA, for claimant.

GEORGE F. BARRETT, Attorney General and WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

· CHIEF JUSTICE DAMRON delivered the opinion of the court.

This claimant seeks an award for certain medical expenses, compensation for temporary total disability, compensation for the loss of use of his left eye and the right leg, under the Workmen's Compensation Act, and compensation for partial permanent disability.

The record consists of the complaint, filed January 6, 1942, rule to show cause why said complaint should not be dismissed for want of prosecution, entered by this court on the 14th day of February, 1943, petition of claimant for reinstatement of said cause, filed December 8, 1943, order reinstating said cause, dated January 12, 1944, original transcript of the testimony and abstract of same, filed March 11, 1944, the report of the Division of Highways, filed April 14, 1944, statement, brief and argument on behalf of claimant and respondent.

The facts are not in dispute. Richard Reinertson was first employed by the respondent on April 6, 1940 at a rate of $175.00 per month in the Department of Public Works and Buildings, Division of Highways, Bureau of Police. July 1, 1941 the police organization was transferred from the Division of Highways to the Department of Public Safety and reorganized as the Division of Police. The claimant continued in the capacity of police officer at the same salary rate until the time of the accident on which this claim is based.

July 5, 1941, the claimant was riding a motorcycle furnished him by the Division of Police southward on U. S. Route No. 45 in DesPlaines, Illinois. He was on patrol at the time to which he had been assigned by his commanding officer. Immediately south of Everett Street, at about 1:30 P. M., an automobile operated by one Lyle Martin, of DesPlaines, drove out of the service drive of a gasoline service station across the path on which the claimant was approaching. The automobile collided with the motorcycle which claimant was operating and claimant was thereby injured. He was immediately taken to the Northwestern Hospital in DesPlaines and placed under the care of Dr. H. F. Heller.

On July 7, the claimant was transferred to St.

Luke's Hospital in Chicago on orders of the division and there was placed under the care of Dr. H. B. Thomas, Professor of Orthopedic Surgery, University of Illinois Medical College. The record discloses that claimant remained under the care and observation of Dr. Thomas and his staff of specialists until April 23, 1942.

The Division of Police paid claimant's full salary of $175.00 per month during the temporary total disability period, amounting to $402.49. This period was from July 6, 1941 to September 13, 1941, inclusive. The respondent also paid the following creditors for services rendered the claimant in connection with his injury:

| | |
|---|---|
| Dr. H. F. Heller, DesPlaines. | $ 5.00 |
| Dr. H. B. Thomas, Chicago | 213.00 |
| Dr. Abraham Ettleson, Chicago | 10.00 |
| Dr. C. C. Klement, Chicago | 10.00 |
| Northwestern Hospital, DesPlaines | 13.00 |

These facts above stated are found in the report of M. K. Lingle, of the Division of Highways.

The claimant was confined to his bed at his home on orders of Dr. Thomas for about two months, at which time he was advised to attempt to work. He returned to his work on September 14. On October 8, he was again examined; on November 7 he was examined and during that time was complaining of dizziness and head pains. On December 1, 1941, the claimant was reduced in rating from police officer to mechanic, and the salary rate was reduced from $175.00 per month to $125.00 per month. He continued under the care and observation of respondent's doctors who examined claimant at intervals and made reports to respondent. These reports are dated December 15, 1941, January 13, January 22, February 19 and April 23, 1942. On April 30, 1942, the claimant was released from service. On May 11, 1942 the claimant obtained other employment which paid him $104.00 per

month, and at the time the testimony was taken he was earning $135.00 per month.

The only contested issue in the case is the nature and extent of claimant's injury.

It is the contention of claimant that he was permanently disabled at the time of the accident; that he had concussion of the brain; that his right leg was permanently injured; that his left eye was permanently injured and his vision impaired thereby, and that these conditions exist to the present time and have persisted since July 5, 1941  He claims there is need for further medical services.

Evidence shows that claimant, on his own behalf, visited and employed three doctors in attempting to find out why his alleged conditions persisted, and paid $30.00 to these doctors.  He seeks the sum of $500.00 to cover the cost of additional medical attention.

The claimant testified that this injury left him in a condition where he was unable to return to the type of work he was doing before the accident, and has so affected his general condition as to make it impossible for him to do the work necessary to equal his former earnings.  He testified that he gets flashes in his eye— has sensation of a light being turned on and off—that he is unable to concentrate—that he cannot read or do close work or work involving detail.  That he still has head pains beginning in the back and extending to the right eye and right ear, and there is a sensation of numbness. That there is a dull pain in his head almost constantly. That he has dizzy spells that come frequently when working or walking on the street, and this condition interferes with his ability to work.  That he is unable to stand noise, or listen to the radio, if loud, and is obliged to have much more rest than before.

Dr. Robert E. Dyer was called as a witness on behalf of claimant who testified that he examined claimant for the purpose of testifying in his behalf on June 7, 1943. He testified he made a complete physical examination of claimant with special reference to his head, where he complained of symptoms of dizziness, pain and numbness. He also made an examination of the eyes with the ophthalmoscope, testing all reflexes and the nervous system, which was to cover the symptoms of which he complained.

He testified that claimant had told him he had pain in the right side of his head, dizziness and disturbance of his eye. Claimant's attorney asked the following question:

"Q. At that time, other than the subjective symptoms he complained of, were you able to find any objective symptoms that could cause these difficulties he complained of?

"A. No, I did not. I could elicit tenderness as I forcibly pressed on the side of his head; not beyond the findings of a normal individual."

A hypothetical question was propounded to this witness based solely on the subjective symptoms of claimant which required the witness to use his imagination and assume that the subjective symptoms existed. The question was not proper and the answer was not helpful to the court.

The rule is well settled that an award, to be sustained, must be founded upon facts and inferences reasonably drawn from facts proved by the evidence, and cannot be based upon guess or conjecture. *Mt. Olive Coal Co.* v. *Ind. Com.*, 374 Ill. 461.

Dr. Fred W. Hark, Chicago, was called on behalf of respondent, who testified that he examined and treated claimant on July 7, 1941, two days after the accident, and that at the time the claimant had bruises and that claim-

ant's shoulder was his greatest physical disability, "which was probably due mostly to bruises more than any muscle tears, or anything." That he complained of dizzy attacks and symptoms of being drunk. That he found no broken bones in the body, just bruises. The witness testified that claimant also complained of a swelling in the back of his head and he was never able to feel it as claimant described it. That thereafter he saw claimant frequently. That he kept in touch with him. That at times he was present when Dr. Thomas examined claimant. He further testified that the persisting complications claimant had were from the effects of a concussion of the brain. He believed that claimant had headaches and spots before his eyes because that is usually the chief complaint of one who is suffering a concussion. He admitted that the symptoms complained of could have been caused by the injury.

On cross-examination, Dr. Hark testified that claimant was examined by an eye specialist who could not coordinate the subjective symptoms with the accident. That they found no organic basis for those symptoms. This witness would not positively connect the subjective complaints of claimant with the accident.

In the report of the Division of Highways, which is a part of this record, excerpts of reports of Dr. Thomas are set out:

On December 15, Dr. Thomas reported he "examined and talked to officer Richard Reinertson again this morning. He complains a good deal of a sensation of flashes of his left eye. As I told you we had him examined the other day and there was no pathology found in the left eye. He has normal vision in each eye without glasses in spite of a moderate degree of far sightedness. He has an old choroidal scar in the right eye which appears to antedate his injury".

On April 23, 1942, Dr. Thomas reported, "We examined Mr. Reinertson today. Orthopedically he is finished. Neurologically we find nothing. We are dismissing the case".

Giving due consideration and weight to all the evidence in the record, we cannot say that claimant is suffering from any disability as the result of the aforesaid accident. All the testimony of claimant must be judged to be subjective. The medical witnesses find nothing objective. The record shows the case was tried on the subjective claims of the claimant. Further, the medical witnesses were led into a field of speculation based upon subjective complaints.

This court denied a claim for compensation in *White* vs. *State*, 12 C. C. R., 249. This case was tried on subjective symptoms only. We held, after citing Section 8, paragraph (i) (3) of the Workmen's Compensation Act: "Neither claimant's own testimony, nor the medical testimony, shows any objective conditions or symptoms. The evidence fails to satisfy the requirements of this section of the Act".

It fully appears from this record that claimant has failed to prove his case by a clear preponderance of the evidence, as required by law. Liability cannot rest upon imagination, speculation or conjecture, it must be based upon facts established on objective findings. We cannot go outside the record to find a basis for an award.

This claimant also seeks an award in the sum of $30.00 for money expended by him for examination by three physicians of his own choosing. Section 8 (a) of the Act provides that the necessary medical and hospital services shall be furnished by the respondent but that the employee may at his own expense employ physicians of his own choosing. All medical, hospital and other necessary services were furnished by respondent to this employee. We also must deny this claim.

Award denied.

DAMRON, J.

At the September term, 1944, we delivered an opinion in the above entitled cause denying compensation to the above named claimant for the reason the claimant had failed to prove by competent evidence, objective conditions or symptoms in reference to his claimed injuries as provided in Section 8, paragraph (i) sub paragraph (3) of the Workmen's Compensation Act.

A petition for rehearing was filed by this claimant on October 11, 1944 and thereafter this court granted a rehearing.

On May 29, 1947 additional testimony was taken in support of the complaint at which time Dr. Henry F. Heller was called to testify on behalf of claimant. He testified that he was connected with the Northwestern Hospital at DesPlaines, Illinois and that on the afternoon of July 5, 1941 the claimant was received at said hospital in the first aid room thereof and that he examined the claimant at that time. He stated the claimant had many bruises and abrasions around the body and some on his face and head. The bruises on the head he believed were on the forehead. He further testified that the patient was placed in bed and that further hospital treatment was advised at his hospital or some suitable place; that two hours thereafter claimant was turned over to doctors for the State and went home.

In response to a question by claimant's attorney this doctor testified that at the time he examined claimant he was suffering from shock and rather dazed, that he talked to him and told him that he had been thrown from a motorcycle. That in his opinion the claimant at that time was suffering from cerebral injury and that was what was causing his dazed and shocked condition.

On cross examination the doctor testified that he had

18

not examined the claimant since July 5, 1941 and that he did not know whether or not claimant is now suffering from dizzy spells except what claimant told him and further that he had made no organic examination since July 5, 1941. On redirect examination counsel for claimant read a portion of the testimony claimant had given on the 8th day of October 1943. The doctor was then asked to assume that this testimony of claimant was true and to give an opinion as to whether or not the subjective symptoms testified to by claimant at that time could be the result of the accident. He answered that he believed they could come from that accident.

As we said in our original opinion we cannot grant an award on subjective symptoms. No testimony was offered at the rehearing by medical witnesses in reference to objective symptoms.

We had fully considered the testimony of the claimant which was repeated to Doctor Heller and had denied an award. There being no testimony offered as required under the Compensation Act this claim is again denied.

Award denied.