(No. 4319—)

WILLIAM E. FREW, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1951, Judge Delaney dissenting.*
*Petition of Claimant for rehearing allowed April 10, 1951.*
*Motion of Claimant to dismiss allowed November 13, 1951.*

J. HAROLD DOWNEY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, William E. Frew, seeks to recover from respondent under the Workmen's Compensation Act for injuries allegedly sustained as a result of an alleged accident, which claimant maintains occurred in the course of his employment as a foreman in the machine shop of the Illinois State Penitentiary, Stateville, Illinois, operated by the Department of Public Safety.

On February 6, 1950, shortly after noon, claimant and an inmate of the penitentiary, Horace Carter, lifted a steel shaft, ten feet long and about two inches in diameter, weighing 100-125 pounds, to a height of four and one-half feet, and placed it on a lathe. Claimant then stated to Carter that the shaft was "awful heavy".

Later that afternoon, claimant went to the toilet, but passed nothing. After work, claimant, at his home again sought to pass stool, but nothing happened. About 10:00 P.M. claimant again went to the bathroom at his home, but he fainted, and a doctor was

summoned, who prescribed treatment. After the doctor left, claimant again went to the bathroom where he again fainted, but this time he vomited blood, and passed a black colored stool.

Thereupon he was taken to a hospital where he was found to have a perforated, bleeding peptic or duodenal ulcer. He has not recovered from the ulcer, and has ceased working for respondent.

Claimant did not notify his superior of his claim that the lifting of the shaft caused the aggravation of his ulcer until nineteen days after the date thereof, and no one knew of the claim of injury prior to that time.

The question in the case is whether claimant suffered an accidental injury that arose out of and in the course of his employment.

For the record in the case, two equally plausible inferences can be drawn, either of which is necessarily conjectural. One is that the strain of lifting the shaft aggravated the ulcer. The other is that his two attempts to pass a stool resulted in strain severe enough to aggravate this ulcer.

Under such circumstances, an award must be denied, since no award can be had on speculation, conjecture or the uncorroborated testimony of claimant. *Reinertson* vs. *State*, 17 C.C.R. 10; *Mt. Olive Coal Co.* vs. *Ind. Com.*, 374 Ill. 461.

Julia Hertz, Joliet, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Wise. Her charges amount to $44.50, which are reasonable and customary, and an award is entered in her favor for such amount.

An award to claimant, William E. Frew, is denied.

This award is subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.