(No. 4366—)

JOHN M. SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1951.*

ANTHONY J. MANUELE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, John M. Smith, was employed by the respondent in the Department of Agriculture as a laborer at the Illinois State Fair Grounds on August 12, 1950. He was assigned to the sweeping crew under the direction of Mr. Ora D. Redford. Mr. Smith alleges in his complaint that at about 11:15 P.M. on the day above mentioned he was standing by a truck, owned by the respondent; that when the driver started the truck a part of the truck body hit him in the back, and that the blow turned him around and knocked him over. That after his alleged injury he had lunch at 12:00 P.M., at which time he ate a sandwich and drank a cup of coffee. He continued working until quitting time when he checked out at 6:00 A.M. Claimant alleges he became ill while traveling to his home after quitting work, and was treated by Dr. W. B. Weisbaum. Mr. Smith claims that he told Mr. Redford of the accident.

Claimant testified at the hearing in this cause that after his midnight lunch he became deathly sick to his stomach, and started vomiting blood, and from then until 6:00 A. M. he vomited blood five times. He was taken to St. John's Hospital, and was treated by Dr. Weisbaum. Claimant was hospitalized for approximately one week. Mr. Smith was also treated in the County Hospital in Chicago when he started hemorrhaging again, and had three blood transfusions. Claimant testified that the large

valve of his heart was ruptured. The medical report submitted to the respondent by Dr. W. B. Weisbaum, which has been made a part of the departmental report filed herein, shows that the nature of the injury consisted of "soft tissue injury to left intercostal muscles and deep muscles of the back. Also injury to the left pectoral muscles. No permanent disability anticipated."

The record consists of the complaint, departmental report, amendment to complaint, and stipulation waiving briefs of both parties.

The respondent in its departmental report filed herein claims it had no knowledge of the accident, and that no report was made to claimant's foreman.

Although we feel that sufficient notice was given respondent, the rule is well settled that an award, to be sustained, must be founded upon facts and inferences reasonably drawn from facts proved by the evidence, and cannot be based upon guess or conjecture. (*Mt. Olive Coal Co.* v. *Ind. Com.*, 374 Ill. 461.)

It fully appears from this record that claimant has failed to prove his case by a clear preponderance of the evidence as required by law. Mr. Smith's testimony was uncorroborated. We cannot go outside the record to find a basis for an award.

This claimant also seeks an award for hospital and doctor bills, which were of his own choosing. Section 8 (a) of the Act provides that the necessary medical and hospital services shall be furnished by the respondent, but that the employer may at his own expense employ physicians of his own choosing. We also must deny this claim.

Award denied.

Hugo Antonacci, Court Reporter, has filed a bill for reporting services in this case in the sum of $36.50. The

bill appears reasonable for the services rendered, and is hereby allowed.

An award is hereby rendered in favor of Hugo Antonacci in the sum of $36.50 payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."