(No. 28218.—

WALTER J. CUMMINGS *et al.,* Receivers, doing business as Chicago Surface Lines, Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LOUIS E. SOILE, Defendant in Error.)

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

FRANK L. KRIETE, FREDERICK O. FLOBERG, and AR-
THUR J. DONOVAN, (WILLIAM J. FLAHERTY, of counsel,)
all of Chicago, for plaintiffs in error.

IRVING M. GREENFIELD, of Chicago, for defendant in
error.

Mr. JUSTICE MURPHY delivered the opinion of the
court:

The arbitrator found that Louis E. Soile received an
accidental injury to his right eye which arose out of and
in the course of his employment by plaintiffs in error, re-
ceivers, doing business as Chicago Surface Lines. Com-
pensation for such injury was awarded in accordance with
section 8 of the Workmen's Compensation Act. (Ill. Rev.
Stat. 1943, chap. 48, par. 145.) Without the introduction
of additional evidence, the Industrial Commission sustained

the award and, on a *certiorari* hearing, the circuit court of Cook county confirmed it. The receivers' petition for writ of error was allowed and the cause is here for further review. Various questions were raised on the hearing before the arbitrator and the commission, but on this review they are restricted to the single issue as to whether the injury arose out of the employment. That Soile's injury occurred while he was in the employment of plaintiffs in error is not questioned.

The facts are not in dispute. The only evidence bearing upon the question presented is the testimony of Soile. He had enrolled with plaintiffs in error to take a course of three weeks' instruction to qualify him as a conductor or motorman on the Chicago Surface Lines' streetcar system. The classes of instruction were held in the Surface Lines' building located at the intersection of Clark and Division streets. There was an entrance to the building on the Clark street front and also one off Division street. Students attending such school entered the building at the Division street entrance. This entrance opened into a corridor approximately six feet wide and twelve to fifteen feet in length. A door at the opposite end of the corridor opened into a hall which extended the entire length of the building, approximately 150 feet. The classroom to which Soile was intending to go was located off the long hall.

Soile testified that as he entered the building at the Division street entrance, he turned to close the door and as he was facing out, "a draft came over and blew something in my eye." On cross-examination, he stated: "I was on the inside. It got into my eye after I had the door three-quarters shut. That is when it went in. I felt a draft blow something in. This element came from there. When I went there, I was all right. When I was closing the door, I was facing the door, facing out, and that is how the draft blew right up. I felt a draft." He

stated that when he opened the door at the Division street entrance, someone opened the door at the opposite end of the small corridor which led into the long hall, and that was when he felt the draft and felt something blow into his eye.

The day following the accident, a doctor treated Soile's eye and removed foreign particles from the lids. He stated that, under a high-powered glass, such particles appeared "like a net of black foreign particles" and, in describing its appearance when imbedded on the eyelid, said it looked "like black pepper dots on water."

Where the facts as to the accidental injury are not in conflict as in this case, the issue as to whether it was an injury which arose out of and in the course of the employment is one of law. (*Scholl* v. *Industrial Com.* 366 Ill. 588.

The phrase "arising out of," as used in the Workmen's Compensation Act, has been held to refer to the origin or the cause of the accident, while the phrase "in the course of employment" refers to the time, place and circumstances under which the accident occurred. (*Scholl* v. *Industrial Com.* 366 Ill. 588; *Arquin* v. *Industrial Com.* 349 Ill. 220.) An oft repeated statement of when an injury may be said to arise out of an employment is the one quoted in *Mueller Construction Co.* v. *Industrial Board,* 283 Ill. 148, and *Mazursky* v. *Industrial Com.* 364 Ill. 445. The principle announced in that quotation has been followed in many other cases.

The fact that an accident happens on the employer's premises is not sufficient. It must be shown that the accident had its origin in some risk connected with, or incident to, the employment, so that there is some causal relationship between the employment and the injury. *Scholl* v. *Industrial Com.* 366 Ill. 588.

The injury to Soile's eye occurred on his employers' premises and while he was on his way to his employment.

Under the principles announced in the cases referred to, that was not sufficient to establish a compensable claim. The burden was on him to prove that the accident had its origin in some risk connected with the employment. The risk was not that both doors into the small corridor would open at the same time. The direct cause of the accident was the draft that passed through the two doors when open. The evidence does not show that there was anything in the building that could have created the draft. Soile's evidence indicates the draft was but the movement of the air on the outside and which entered when the doors were open. He testified he was closing the Division street door when the particles entered his eye, that he was "facing out," that is, toward the street, and had the door three-quarters shut when it occurred. Attention is directed to his statement that the draft "blew up" from which it is contended that the draft lifted the particles from the floor in the building. There is nothing in the evidence to sustain such theory.

The conclusion is inescapable that the accident to Soile's eye had its origin in the action of the air outside the building and that it did not arise out of a risk connected with the employment. It was a risk to which the public generally was exposed. *Olson Drilling Co.* v. *Industrial Com.* 386 Ill. 402; *Schwartz* v. *Industrial Com.* 379 Ill. 139; *Great American Indemnity Co.* v. *Industrial Com.* 367 Ill. 241.

For the reasons stated, the judgment is reversed and the award set aside.

*Judgment reversed; award set aside.*