(No. 3936— )

JAMES EDWARD GARVIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

JAMES E. LONDRIGAN, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

This is a claim under the Workmen's Compensation Act for injury alleged to have been sustained by the above claimant during the course of his employment for the respondent on the 20th day of April 1945.

The record discloses that this claimant, a man of 82 years of age, had been an employee of the Secretary of State for a number of years prior to said accident. He was a watchman at the south door of the basement in the Capitol Building at Springfield, and as far as the record is concerned he had no other duties in any other part of said Capitol Building.

On the last mentioned date claimant testified that he left the place of his employment in the basement and was showing one Charles Heelen the location of his superior officer's office on the fourth floor of the Capitol Building and while returning to his post he slipped and fell backward at or near the concession stand which is located on said floor.

The record in this case consists of the complaint, the original and supplemental departmental reports of the Secretary of State, the transcript of evidence and the statement, brief and argument for claimant and respondent.

Claimant testified that as a result of said injuries sustained at the place and time aforesaid he received a concussion of the brain, multiple contusions about the body, particularly the pelvis, and was unable to stand or walk. He testified he had pains throughout his limbs for a period of 12 weeks and that since said accidental injury he is unable to resume his employment and that as a result of needed medical attention has incurred bills as follows: St. Johns Hospital, Springfield, Illinois, $891.35; Doctor John J. Donovan, Springfield, Illinois, $350.00.

Doctor Donovan was called as a witness on behalf of claimant and testified that claimant has improved since the date of the accident but because of age and probably from the shock of the accident, claimant will not be able

to work. Upon cross-examination he was asked regarding the condition of the claimant other than to bruises and contusions and answered that claimant could not coordinate mentally or physically and explained that this was the result of the concussion. He then testified that claimant had entirely recovered from the concussion and further that all of the bruises and contusions sustained by claimant had healed, but that the claimant still suffered pain. However he testified that the diagnosis of pain was based wholly on subjective symptoms and could not be sustained objectively. On redirect-examination this physician testified that in a man of claimant's age it could not be determined whether or not he had recovered from the shock of the injury.

The medical testimony in this case is unsatisfactory and from it this Court is unable to determine whether or not claimant suffered any permanent effect as a result of the accident. If claimant had succeeded in proving by competent evidence that he had suffered permanent disability from the injuries sustained as aforesaid it yet would be required of him to show by a preponderance of the evidence that his duties as watchman of the south door of the Capitol Building required him to be on the fourth floor of said building at the time he was alleged to have been injured. This he has failed to do.

The Workmen's Compensation Act requires that an accidental injury, to be compensable must arise out of and in the course of the employment. These phrases are used conjunctively in the statute. *Illinois Country Club Inc.* vs. *Ind. Com.*, 378 Ill. 484; *Farley* vs. *Ind. Com.*, 378 Ill. 334; *Great American Indemnity* vs. *Ind. Com.*, 367 Ill. 241; *Borgson* vs. *Ind. Com.*, 368 Ill. 188; both elements must be present at the time of the injury in order to jus-

tify compensation. *Illinois Country Club Inc.* vs. *Ind. Com.* supra; *Mazursky* vs. *Ind. Com.*, 364 Ill. 445.

It has been often said by this Court that liability under the Workmen's Compensation Act cannot rest upon imagination, speculation or conjecture, or upon a choice of two views equally compatible with the evidence. *Mandell* vs. *State*, 12 C. C. R. 49; *Lyman* vs. *State*, 14 C. C. R. 173; *Elliot* vs. *State*, 14 C. C. R. 222.

There must be a causal connection between the conditions existing on the employers premises and the injury to the employee, and the accident must have had its origin in some risk connected with or incidental to the employment. *Cummings* vs. *Ind. Com.*, 389 Ill. 356.

It appears from the evidence that this employee's trip to the fourth floor of the Capitol Building was purely personal and therefore it cannot be said that the injury to claimant flowed as a rational consequence from any risk peculiar or incidental to his employment, *City of Chicago* vs. *Ind. Com.*, 292 Ill. 406, and, therefore, it is not compensable. His claim for compensation must be denied.

Likewise since this claimant has failed to prove his right to compensation as above indicated, his claim for medical and hospitalization must be denied.

Award Denied.

An invoice-voucher has been filed in this case showing that Harry L. Livingstone, a court reporter, Springfield, Illinois was employed to take and transcribe the testimony in this case.

The Court finds that the charges are fair, reasonable and customary for the amount of work performed by said reporter.

An award is therefore entered in favor of Harry L.

Livingstone, 1008 Ridgely Building, Springfield, Illinois, in the sum of $46.00.