WILLIAM LEWIS, PETITIONER-APPELLEE, v. WALTER SCOTT & CO., INC., RESPONDENT-APPELLANT.

Union County Court

Decided December 11, 1957.

*Messrs. Bassin & Bassin (Mr. Louis C. Jacobson,* appearing), for petitioner-appellee.

*Mr. Isidor Kalisch* for respondent-appellant.

McGRATH, J. C. C. The petitioner, an employee, claimed that he was injured while walking on the sidewalk in front of the respondent's factory, and he was given an award which is not appealed so far as the amount is concerned, but is appealed on the ground that the accident was not a compensable one because it happened on a public sidewalk even though the sidewalk was in front of the respondent's factory premises. A photograph was admitted showing the entrance and the sidewalk and it was stipulated below that the public sidewalk where the man fell was, according to paragraph 5 of the stipulation:

"The only possible pathway to go from the employees' parking lot to the entrance to the respondent's factory hereinbefore referred to is by means of the sidewalk on South Avenue depicted on Exhibit PR–1."

It was further stipulated that immediately adjacent to respondent's factory is a parking lot intended for the convenience of the respondent's customers, and immediately adjacent to such customers' parking lot respondent also maintained an employees' parking lot for those who do not use public conveyances, which lot such employees might use daily if they wished. The factory and the two parking lots are adjoining and together they formed part of the factory premises owned and operated by respondent.

It is further stipulated that on the morning of March 21, 1956, at about 6:45 A. M., preparatory to reporting for work, the car in which the petitioner came to work was parked by his co-employee with whom he rode as part of a car-pool in the employees' parking lot. The petitioner, while walking from the entrance of the parking lot in the direction of the respondent's factory entrance, slipped on ice on the public sidewalk of South Avenue at a point between the parking lot and the main entrance. There is no doubt that the employee was going to work that day and that he was on the public sidewalk for the purpose of entering the factory. He was severely and seriously injured.

An employee who walks on a public sidewalk, even though that sidewalk may be in front of the employer's plant, is not ordinarily entitled to compensation since the public sidewalk is used by the public generally; and the courts have adopted the rule that there must come a time when the employee is on his own, and injuries sustained by employees when going to or returning from their regular place of work are not *per se* deemed to arise out of and in the course of their employment. Ordinarily the hazards they encounter in such journeys are not incident to the employer's business, but this general rule is subject to exceptions which depend upon the nature and circumstances of the particular employment. *McCrae v. Eastern Aircraft,* 137 *N. J. L.* 244 (*Sup. Ct.* 1948).

In that case the court held that by placing a traffic officer in the highway at the time its employees were passing

across it to reach a parking lot, the employer assumed control of the highway.

In *Gullo v. American Lead Pencil Co.*, 119 *N. J. L.* 484 (*E. & A.* 1937), the court said that there were a number of entrances to the factory and the respondent, when she fell, was passing in front of the large gates intending to use the smaller entrance when she slipped on ice in front of the entrance in front of the factory which she did not intend to use and was injured.

The court said at the moment of the accident the respondent was not an employee. The time was her own. She could proceed or turn back. She was in no sense in the employ of the employer. The court said further that authorities all recognize that there must be some relation of the place of injury to the employment in that it is provided by the employer for the employees' use. The street was a public highway on which the public in general had the paramount right of user and this of course included the sidewalk.

In *Zabriskie v. Erie R. R. Co.*, 86 *N. J. L.* 266 (*E. & A.* 1914), the employer had failed to provide toilet facilities for employees and the petitioner had been in the habit of using the facilities in respondent's other building across the street which was known and assented to by the employer. Petitioner was struck by a car on one such crossing and the court held the injury compensable.

As the court said in *Gullo* case, *supra,* the mere proximity of the place of injury to the factory or place of business is not the test. The question has to be decided as to when the liability of the employer begins and when it ends on the facts of each case.

In *Popovich v. Atlantic Products Corp.*, 125 *N. J. L.* 533 (*Sup. Ct.* 1941), the court said:

"As we understand our cases, the general rule is that where the employee is simply on his way to work and has not entered the employer's premises, or has undertaken to enter those premises by an unauthorized route, he is not yet in the course of his employment; and conversely, where the employee has left the employer's premises, the course of employment has ceased for the time being; but where

the employee is actually in the process of entering the premises at a proper time and in a proper manner in connection with his work and an accident occurs under those circumstances, it arises in the course of the employment."

In the present case the petitioner had entered the factory premises, but there was no way to get out to go to actual work from the parking lot except over the intervening sidewalk. There was a wire fence enclosing the lot.

While it is sometimes said that the employer must exercise control over the public sidewalk in· order to make it liable for compensation, this is not the only test. Thus, in *Briggs v. Passaic Bd. of Education*, 23 *N. J. Super.* 79 (*App. Div.* 1952), the court said:

"The fact that sometime prior to her fall she had left the premises for the purpose of securing her glasses is immaterial, for at the time of her injury her personal errand had been fully accomplished," and having resumed her employment "her injury arose out of and in the course thereof."

In the *McCrae* case, *supra,* the employer's plant was located on two sides of a public highway and an officer had been employed to direct traffic on the public highway. The real situation was that the employer controlled the movements of his help across the public highway by means of a traffic officer. It was the traffic that was controlled, or at least the use of the sidewalk and street. In the present case the use of the sidewalk by petitioner was incidental to the employer's arrangements for its employees' mutual convenience in reporting for work.

In *Rubeo v. Arthur McMullen Co.*, 117 *N. J. L.* 574 (*E. & A.* 1936), as cited in the *McCrae* case, the court said:

"Liability may also be based on the determinative fact whether the transportation was with the express or implied knowledge and acquiescence of the employer; or whether it was the result of continued practice, or in the course of the business of the employer; or whether it was for the benefit of both employer and employee."

In *Arrington v. Goldstein*, 23 *N. J. Super.* 103 (*App. Div.* 1952), the claimant was on her way to work during a

storm and had walked to a point within four feet of entrance to the premises where she worked and was injured when a strong wind blew her toward the street where she fell and she was deemed to be entitled to compensation.

In *Fenton v. Margate Bridge Co.*, 24 *N. J. Super.* 450 (*App. Div.* 1953), the court said: "At the time and place of the accident, the employee had not reached the threshold or area of his employment."

██ The respondent contends that the petitioner had not reached his place of employment and could have turned back and thus, under the *Gullo* case, *supra,* cannot recover. But the *Gullo* case was decided 20 years ago and has nothing to do with a parking lot. The court must take notice that the use of automobiles today by workmen to get to work, either in their own car or in car-pools in which the rider shares expenses, has tremendously increased, and that the parking problem is one which gets worse as time goes on; and, of course, the Workmen's Compensation Act, if it is to be liberally construed to accomplish beneficial effects intended by the Legislature, must be construed so as to keep in step with modern conditions. The *Gullo* case is still the leading case on pedestrians' use of sidewalks to get to work, but it must be read in the light of the conditions under which workmen must work today including the necessity or near necessity of using a car.

█ If the workman in this case had been merely approaching the factory for the purpose of going to work, he would then come within the decision in the *Gullo* case because then the circumstances would have been entirely different from the present case. The circumstances which take this case out of the rule of the *Gullo* case is, or at least creates an exception to it, are that the employee had already performed part of the process of going to work. The employer had provided a parking lot for him to be used by him if he intended to go to work in the factory, and he having used the parking lot was under an obligation therefrom to continue the process of going to work, and he was actually on his way according to the evidence. To hold

that he must have actually gotten inside to punch his time card would overlook the whole problem of parking lots maintained by factories, and would be a most narrow construction of the Compensation Act under modern conditions. It is true that he could have *possibly* turned back, but this is true of any employee who accepts transportation or other convenience from the employer, and mere possibility is not enough to defeat the Workmen's Compensation in this case. The lot was part of the factory premises and he had done what he could to get into the premises by automobile, and then could only get into the other part of the premises by walking over the public sidewalk. He was doing what the employer expected him to do to fulfill his contract of employment and thus the accident arose out of and in the course of his employment. It was urged by the respondent that there was no proof of practice or approval, but this is beside the point because the employer, having provided the parking lot for this very purpose and in this very place, must necessarily be charged with knowledge of how it would be used and could only be used by those who did use it.

Judgment is accordingly entered for the full amount of the award since the *quantum* is not appealed. The petitioner's attorney is awarded a counsel fee of $350 on appeal. Stenographic fees to be paid by respondent and counsel fees on appeal to be paid equally by respondent and petitioner.