Valetta McField, Plaintiff-Appellant, v. Lincoln Hotel and City of Chicago, a Municipal Corporation, Defendants-Appellees.

Gen. No. 48,501.

First District, Second Division.

May 9, 1962.

341

Jurco, Damisch & Sinson, of Chicago (Nancy G. McDermid, John W. Damisch and Dennis M. O'Brien, of counsel), for appellant.

Burchem, Schwantes & Thuma, of Chicago (William E. Phillips, of counsel), for appellee, Lincoln Hotel.

MR. JUSTICE BRYANT delivered the opinion of the court.

Plaintiff appeals from a Summary Judgment granted on the motion of defendant, Lincoln Hotel. This was an action for personal injuries and the Lincoln Hotel pleaded the affirmative defense that at the time and place of the occurrence plaintiff was defendant's employee, and that they were both operating under

and bound by the Workmen's Compensation Act. Defendant's motion for Summary Judgment was based on the undisputed testimony of plaintiff, Valetta Mc-Field, given under oath at oral discovery deposition. The deposition had been called for and taken by plaintiff's own counsel with defendant's counsel cross-examining. The lower court found that plaintiff's injuries arose out of and in the course of her employment and were therefore governed by the Illinois Workmen's Compensation Act. Thereupon the motion for Summary Judgment was granted.

Plaintiff was a maid at defendant's hotel. On December 28, 1957 plaintiff completed her duties as a maid, changed from her uniform to street clothes, and checked out in the basement at about five o'clock. She then waited in the basement check-out room for friends; they exited through the Wells Street door. This was the employees' entrance, and according to plaintiff's deposition it was the only way for her to enter and leave the building. There was a wooden ramp right in front of this doorway, and the ramp extended across about ¼ of the public sidewalk. The ramp and entrance were also used by various delivery services, such as laundry men and food dealers. The ramp was icy, glassy and wet. Plaintiff stepped out of the door, taking about one step, and fell. Plaintiff fell on the wooden ramp and stayed there until a boy and girl helped her up, and it was from this fall that the injuries here in issue arose.

Plaintiff's argument in substance is that the question of whether the injury arose out of and in the course of her employment is a question of fact, and that a summary judgment cannot be granted when the pleadings put an essential fact in issue, citing Payne & Dolan v. Industrial Commission, 382 Ill 177, 46 NE2d 925; Northwestern University v. Industrial Commission, 409 Ill 216, 99 NE2d 18; Simaitis v.

Thrash, 25 Ill App2d 340, 167 NE2d 19. Plaintiff asserts that since the risk of falling while off the employer's premises is a risk of a general nature to which the public is equally exposed, the injury does not arise out of and in the course of employment. Thus the instant case would fall under the "going to and coming from work" rule, and would not be within the Workmen's Compensation Act. Plaintiff has argued incisively numerous Illinois cases, some of which are admittedly difficult to reconcile, and cited recent decisions from other jurisdictions. The principal cases relied upon by plaintiff are: Northwestern University v. Industrial Commission, supra; Christian v. Chicago & I. M. Ry. Co., 412 Ill 171, 105 NE2d 741; Wicks v. Cuneo-Henneberry Co., 319 Ill 344, 150 NE 276; Board of Education of School Dist. No. 100 v. Industrial Commission, 392 Ill 261, 64 NE2d 374.

Defendant admits that the general rule in Illinois is that injuries suffered while the employee is going to or returning from work do not arise out of or in the course of employment, but contends that the undisputed facts presented here fall within the inevitable exception where an accident occurs on the employer's premises or adjacent premises and the employee is, by virtue of the employment, peculiarly subject to the danger. Defendant relies primarily on Schafer v. Industrial Commission, 343 Ill 573, 175 NE 789; Wabash Ry. Co. v. Industrial Commission, 294 Ill 119, 175 NE 789; and Mueller Const. Co. v. Industrial Board, 283 Ill 148, 118 NE 1028.

The Christian case, supra, and cases cited therein, contains a convenient summary of the rules and exceptions applicable to the present inquiry. Briefly repeated, they run as follows. Because the phrases "arise out of and in the course of employment" are used conjunctively, there must be a concurrence of both elements for the injury to be within

344

the Workmen's Compensation Act. "In the course of" refers to the time covered by the employment, as well as reasonable conduct at a place where the employee might reasonably be while employed; this is regarded as a triple test of time, place and conduct. "Arising out of" means the requisite causal connection between the employment and the accident. As a general proposition, after an employee leaves the employer's premises at the close of working hours he is no longer in the course of employment. This is subject to the exception, under certain circumstances, that the course of employment is extended to include adjacent premises used by the employee as a means of ingress and egress with the express or implied consent of the employer. For this exception the Christian case cites Bountiful Brick Co. v. Giles, 276 US 154, and Schafer v. Industrial Commission, supra. Whether this exception can properly be extended to cover an employee returning home from the place of employment depends ultimately on the special circumstances of each case.

In distinguishing cases where an injury suffered in the street has been held to be incidental to the employment and therefore under the Workmen's Compensation Act, the Supreme Court summarized these cases in the Northwestern case, supra at 221, as involving two categories: 1. where the work of the injured employee was in, or partly in, the street when he was injured; 2. where the injury took place on the premises of the employer and was an ordinary incident of the employment. Clearly the first category does not apply to the instant case since the injured maid had no duties in the street, and we must determine whether the undisputed facts fall within the second category.

██ The fact that the injuries occurred immediately at the employees' entrance, which the employees were required to use, shows a causal connection be-

tween the employment and the accident so as to satisfy the "arising out of" requirement, since leaving the premises where one is employed is so closely connected with the employment as to render it a necessary incident thereto. Wabash Ry. Co. v. Industrial Commission, 294 Ill 119, 125, 128 NE 290.

■ Therefore, our final and determinative inquiry is whether the accident occurred "in the course of employment." The cases vary according to their special circumstances and some of them are difficult to reconcile. Compare, for example, the Schafer and Wabash Railway cases, holding that the accidents arose out of and in the course of the employment, with the Christian case in which the opposite result was reached. Perhaps the anomalies result from the fact that some cases come up from the Industrial Commission where the employee is trying to bring himself within the Act and the Commission and the courts are trying to give a liberal and proper application of the Act, while other similar type fact situations are civil actions for personal injuries where the employee is attempting to show in a close case that the accident did not arise "out of and in the course of employment," in order to preserve his common law action. This is one way of explaining the difficult cases, but it would provide an unreliable guide for adjudication as well as inconsistent results.

None of the cases we have found or been referred to in this jurisdiction resolve our problem by a sufficiently precise similarity of facts. Plaintiff relies heavily on Northwestern University v. Industrial Commission, supra, which is similar in that it involved a walking plaintiff injured by a fall near the employer's premises. However, that case is different from the viewpoint of the trilogy of time, place and conduct. The only factor that is common to both cases is that of time, for there the plaintiff was injured be-

fore starting his work and here the plaintiff was injured after finishing her work. The significant differences are that the plaintiff there *chose* the route to go to his place of work and was not yet on the premises, while here the plaintiff had a *required* doorway for egress and *was in the act of leaving the premises.* (Emphasis supplied.) This latter point also distinguishes the Board of Education case, supra, and cases cited therein, which show a freedom of choice by the employee in reaching or departing from the place of employment, or else a lack of supervision or control by the employer over the method of arrival and departure. Other cases show clearly that the employee cannot be considered as on the premises or adjacent premises for the purposes of Workmen's Compensation.

██ The special circumstances presented here are troublesome in that the conclusion to be drawn from the application of the rules summarized earlier to the undisputed facts is marginal. Nevertheless, this is a question of law rather than fact as plaintiff contends. See Northwestern, supra, at 221; Hill-Luthy Co. v. Industrial Commission, 411 Ill 201, at 203, 103 NE2d 605; Math Igler's Casino, Inc. v. Industrial Commission, 394 Ill 330, at 334, 68 NE2d 773; Cummings v. Industrial Commission, 389 Ill 356, at 359, 59 NE2d 872. The issue is narrowed to the category of cases where the accident occurs "on the premises" or "adjacent premises." The determinative test then to be applied is whether the employee when injured was at a place where he was subject, by reason of the employment, to a hazard to which the public is not exposed, and to which he is exposed peculiarly and to a greater degree than the public. Christian v. Chicago & I. M. Ry. Co., supra (upon which plaintiff relies and from which we summarized the general rules); General Steel Castings Corp. v. Industrial Commission, 388 Ill 66, 57 NE2d 454; Payne & Dolan v. Industrial Commission, supra.

347

Applying that test to these facts, plaintiff's injuries must be regarded as arising out of and in the course of her employment. Although some members of the public using Wells Street may have chosen to traverse the ramp extending over a portion of the sidewalk; and deliverymen, from time to time, probably would have used the ramp, it is nevertheless clear that plaintiff was peculiarly and to a greater degree exposed to the danger of the icy ramp. This was a required doorway for employees; plaintiff was in the act of leaving the premises by the only means available at a reasonable time after her work ended; and the ramp was right in front of the door. The facts show that the ramp was used to go up and into the Lincoln Hotel, and it cannot be equated with the public sidewalk, as plaintiff contends, for the purpose of applying the crucial test of exposure to danger. We therefore hold that, applying this test to the special circumstances of this case where an employee was injured in the act of leaving the premises by means of a required doorway at a reasonable time after the actual work terminated, as a matter of law the injuries arose out of and in the course of employment.

The summary judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BURKE, J., concur.