Isabelle E. Leszinske, Administrator of the Estate of Lyle R. Leszinske, a Minor, Deceased, Plaintiff-Appellee, v. Kate Grebner, Administrator of the Estate of Otto F. Grebner, Deceased, Defendant-Appellant.

Gen. No. 67–42.

Second District.

December 12, 1967.

Rehearing denied January 8, 1968.

Gunner and Keller, of Dixon, for appellant.

Fearer and Nye, of Oregon, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Plaintiff brought this action as Administrator of the Estate of Lyle R. Leszinske, to recover for his alleged wrongful death. The defendant is the Administrator of the Estate of Otto F. Grebner, the driver of the auto in which Lyle R. Leszinske (herein called Leszinske) was riding at the time he received the injuries which presumably caused his death. The jury returned a verdict

for the plaintiff in the sum of $10,000 and the defendant appealed from the judgment entered thereon.

Otto F. Grebner (herein called Grebner) was engaged in the business of painting houses and buildings. On September 8, 1965, Leszinske, 18 years of age, was employed by Grebner on a full-time basis as a painter. His work included the loading and unloading of Grebner's station wagon, as well as other general duties. At approximately 6:30 p. m., on that date, Grebner was driving his station wagon in a northerly direction on U. S. Highway No. 51, just south of Rochelle, where both Grebner and Leszinske lived. Leszinske was riding in the front seat next to Grebner.

The highway at this point was a straight two-lane concrete road. The weather was clear, the pavement dry and visibility was good. Grebner was driving consistently at a speed of 35 to 40 miles per hour, and at this given point his car went off the road slightly so that the two right tires were on the shoulder. The car continued northerly in this manner for approximately one- or two-car lengths when it suddenly swerved back onto and across the northbound traffic lane of the highway, into the southbound traffic lane thereof, and into the path of another car.

Both Grebner and Leszinske were dead when their respective bodies were removed from the car. Grebner had a heart attack in 1959, and there was evidence tending to indicate that his heart was no longer beating at the time he received the injuries from the accident.

The defendant's principal contention is that plaintiff's remedy was under the Workmen's Compensation Act (Ill Rev Stats 1965, c 48, par 138 et seq.), and that therefore the plaintiff could not recover under any common law or other statutory right, including the Wrongful Death Act (Ill Rev Stats 1965, c 70, par 1, et seq.).

Section 5(a) of the Workmen's Compensation Act (Ill Rev Stats 1965, c 48, par 138.5(a)) provides, in part, as follows:

"No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

The plaintiff did not have the right to maintain this action under the Wrongful Death Act if Leszinske's employment was covered by the Workmen's Compensation Act, and if the injuries and death arose out of and in the course of such employment. There are two issues which must be met: (1) was the employment under the Act; and (2) if so, then did the injuries and death arise out of and in the course of the employment.

██ Nothing in the complaint suggested that the employment was extrahazardous or that there had been an election to come under the Workmen's Compensation Act. Thus, as to the issues of coverage under the Act and the source of injuries, the burden of proof was upon the defendant and she was required to assert the application of the Act as an affirmative defense. Christian v. Chicago & I. M. Ry. Co., 412 Ill 171, 174, 105 NE2d 741 (1952); Victor v. Dehmlow, 405 Ill 249, 252, 253, 90 NE2d 724 (1950); Mueller v. Elm Pk. Hotel Co., 391 Ill 391, 397–398 incl., 63 NE2d 365 (1945); Ill Rev Stats 1965, c 48, par 138.5(a) and c 110, par 43(4).

Section 3 of the Workmen's Compensation Act (Ill Rev Stats 1965, c 48, par 138.3) specifies those occupations in which there is automatic application of the Act, and, consequently, coverage thereunder. It states in part, as follows:

"The provisions of this Act hereinafter following shall apply automatically and without election to . . . all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely:

"1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 15 of this Section.

". . ."

■ It is undisputed that Leszinske was working for Grebner as a painter and was doing painting work on the day in question. Thus, as to the issue of coverage of the employment under the Act, the defendant clearly sustained her burden. The business of painting buildings is obviously an enterprise engaged in maintaining structures. Any other interpretation would require us to take unwarranted liberties in defining the words and language of the statute. As to this particular issue, at this posture of the case, there was no discretionary determination for the jury under the proof in this case. As a matter of law, it could properly reach but one conclusion.

■■ Grebner's business was subject to the automatic coverage of the Workmen's Compensation Act unless excepted therefrom under subparagraph 15 of section 3, supra, which exempted from coverage, among other things, work done on a farm. Walsh v. Industrial Commission, 345 Ill 366, 369, 178 NE2d 82 (1931) ; Storrs v. Industrial Commission, 285 Ill 595, 597, 121 NE 267 (1918). Coverage under the Act is determined by the business or enterprise of the employer and not the particular kind of work or the specific thing which the employee may have been doing at the time of the injury. Figgins v. Industrial Commission, 379 Ill 75, 77, 78, 39 NE 2d 353 (1942). As to the issue of whether any exception to the automatic coverage was applicable, the burden of proof was upon the plaintiff and she must plead any ex-

ception to the automatic coverage. No such exception was pleaded or put in issue.

The second issue pertaining to the applicability of the Workmen's Compensation Act is whether the injuries and death arose out of and in the course of Leszinske's employment. With reference to this, plaintiff alleged in her complaint, as follows:

> "That on or about September 8, 1965, at or about the hour of 6:30 p. m. DST, the said Lyle R. Leszinske was an employee of Otto F. Grebner, deceased, and a passenger in a 1964 Ford Falcon station wagon owned by the said Otto F. Grebner in the capacity of an employee in that Lyle R. Leszinske, as a part of his employment, would accompany the said Otto F. Grebner, back to the workshop at Otto F. Grebner's request and assist Otto F. Grebner in unloading work equipment."

The plaintiff argues that this allegation was to show that "plaintiff's intestate was on his way back to the defendant's (sic) intestate's workshop to assist in unloading work equipment"; and that the obvious reason for such allegation was to remove the case from the provisions of the Guest Act and thereby the plaintiff would be required to prove only ordinary negligence rather than wilful and wanton conduct. However, such allegation was sufficient not only to remove the case from the provisions of the Guest Act but also to bring it under the terms of the Workmen's Compensation Act.

 It is generally held that accidents which occur while an employee is going to and from his place of employment do not arise out of and in the course of employment. Urban v. Industrial Commission, 34 Ill2d 159, 161, 214 NE2d 737 (1966); Christian v. Chicago & I. M. Ry. Co., supra, 175. This general rule, however, is not applicable where the employee's trip is determined by the demands of his employment or where his duties as em-

ployee take him to the place of his injury. Urban v. Industrial Commission, supra, 161, 163; Benjamin H. Sanborn Co. v. Industrial Commission, 405 Ill 50, 54, 89 NE 2d 804 (1950); Scott v. Industrial Commission, 374 Ill 225, 228, 29 NE2d 93 (1940).

In the case at bar, the general "going to and coming from work" rule obviously cannot be applied. Leszinske's employment for the day had not ended if he was going to Grebner's workshop to help unload the station wagon. To fulfill this obligation of his employment, Leszinske was riding with his employer, Grebner, at a time when and at a place where he might reasonably be expected to be. Leszinske was "in the course of his employment."

■ Under these facts there can be no question of the requisite causal connection between the employment and the accident. If Leszinske was returning to Grebner's workshop, his death occurred in the course of his employment and arose out of such employment. Christian v. Chicago & I. M. Ry. Co., supra, 174, 175; McField v. Lincoln Hotel, 35 Ill App2d 340, 344, 345, 182 NE2d 905 (1962). Under these circumstances, we would hold as a matter of law that the death arose out of and in the course of Leszinske's employment.

The general rule that the injury or death did not arise out of or in the course of the employment, would not necessarily apply even if Leszinske and Grebner were merely returning to the former's home after doing painting work out of town. If the nature of the employment—the painting—were such that Leszinske was compelled to travel to various places to paint, and the demands and duties of the employment necessitated this travel, the death could be attributed to the employment.

In Sjostrom v. Sproule, 34 Ill App2d 338, 181 NE2d 379 (1962), cited by plaintiff, where two employees of Armour & Co., both of whom lived in Chicago, were assigned to supervise certain aspects of construction work being car-

ried on by Armour & Co., in Bradley, Illinois, and were requested by the company to ride together in a car furnished by the company, to avoid the duplicate expense otherwise charged by them to the company, the Appellate Court held that the injury to one while riding with the other to work did not arise out of or in the course of employment. It reversed for retrial.

On a second appeal, however, the court reversed itself (49 Ill App2d 451, 200 NE2d 19 (1964)) and stated that its first decision was erroneous. It further stated that Armour & Co. furnished the transportation and directed the two employees to use it; and that the furnishing of transportation by the employer was a well recognized exception to the rule that travel to and from work is ordinarily not within the provisions of the Workmen's Compensation Act. The Supreme Court affirmed (33 Ill 2d 40, 210 NE2d 209 (1965)) and held that the travel in question was under the Act because the particular trip to work was determined by the demands of the employment, not by personal factors.

The Supreme Court further noted that Bradley was not the regular place of work of either employee; that their assignment at this location was on a temporary basis; that it was not contemplated that they should change their place of residence because of the temporary assignment; and that the travel to Bradley was to accommodate the employer rather than the employees. The court recognized that there is a critical distinction between travel that results from the employee's decision as to where he wants to live, and travel that is required by the exigencies of the job. This distinction suggests to us the possible application of the Compensation Act to the case at bar even if Grebner and Leszinske were only returning to Grebner's house.

As we have noted, plaintiff alleged in her complaint that the decedent was an employee of Grebner and at the

time of the accident was riding in the latter's car as a part of his employment; and that his duties required him to accompany Grebner back to his workshop to help unload the equipment. Plaintiff at no time abandoned or withdrew this pleading, but rather, continually reasserted it. In her answer to interrogatories, plaintiff reiterated that it was a part of Leszinske's duties to help load and unload the station wagon. Plaintiff's witnesses reaffirmed this. Plaintiff's instructions were consistent with this allegation in that they referred to the duty of ordinary care imposed upon Grebner, rather than wilful and wanton conduct.

If the allegation in the complaint were accepted as binding upon the court, we would be of the opinion that it is sufficient, as a matter of law, to establish that the death arose out of and in the course of the employment. Such an allegation contained in a complaint would normally be considered a judicial admission and conclusive upon the plaintiff as to the admitted facts. Coss v. Magdziasz, 65 Ill App2d 40, 42, 43, 212 NE2d 717 (1965); Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30, 50, 51, 183 NE2d 547 (1962); 30 ILP, Pleading, § 20. This fact, coupled with our conclusion that on the record before us the employment was automatically covered by the Workmen's Compensation Act, suggests that the case should be reversed without remandment.

However, the evidence indicated that Leszinske had been doing painting work on a corn crib on a nearby farm on the day in question. Such evidence would raise a question as to whether Grebner's business was thereby excepted from the provisions of the Workmen's Compensation Act under subparagraph 15 of Section 3 (Ill Rev Stats 1965, c 48, paragraph 138.3(15)) which excepts from coverage, among other things, work done on a farm.

In view of the rather inept procedures before the trial court with reference to both pleadings and proof on the

issues relative to coverage under the Workmen's Compensation Act, we do not believe it would serve the interest of justice to merely reverse and not remand the case. Prior to the trial, the allegation in the complaint to which we have referred was neither admitted nor denied by defendant. Strict proof was demanded. No affirmative defense relative to the Workmen's Compensation Act was asserted by the defendant, and, consequently, no allegation of an exception under the Act was pleaded by the plaintiff.

Then, after the first day of the two-day trial and at the close of the plaintiff's case, the defendant sought leave to amend her answer and admit the allegations in the complaint referred to above. This was denied by the court. However, the defendant was granted leave to and did file an additional answer and affirmative defense asserting the applicability of the Workmen's Compensation Act. This was after the close of plaintiff's case. Subsequently, the plaintiff filed a reply to the additional and affirmative defense. Such bizarre handling of the pleadings and issues could not but have a telling effect on the proof offered by the plaintiff and the overall fairness of the trial.

As before stated, the defendant had the burden of raising the defense of the applicability of the Workmen's Compensation Act. It was late in the trial when the defendant first sought and was granted leave to assert this affirmative defense. In view of these circumstances, we believe that this case should be remanded, the parties permitted to plead the issues they wish to raise and the matter thereupon proceed to a new trial based upon the issues formulated prior thereto and consistent with the views expressed herein.

██ Since the case must be retried, we might observe that an appropriately worded special interrogatory or interrogatories regarding a material question of fact relative to the application of the Workmen's Compensation

Act should be submitted by the court to the jury upon the request of either party litigant.

Reversed and remanded, with directions.

MORAN and ABRAHAMSON, JJ., concur.