Robert Melvin, Plaintiff-Appellant, v. First Methodist Church of Western Springs, Defendant-Appellee.

Gen. No. 51,906.

First District.

December 19, 1968.

Philip E. Howard and David A. Decker, of Chicago, for appellant.

Howard, French and Healy, of Chicago (Russell V. Guilford, of counsel), for appellee.

TRAPP, P. J.

Plaintiff appeals from an order granting summary judgment to defendant entered upon findings by the trial court that plaintiff's injuries arose out of, and in the course of, his employment, that the parties were under and bound by the provisions of the Workmen's Compensation Act, c 48, § 138, Ill Rev Stats 1965, and that plaintiff's exclusive remedy was under such statute.

The complaint and defendant's motion for summary judgment, based upon plaintiff's answers to a discovery deposition, disclosed that plaintiff had been employed as church janitor for some two years and that while he had no prescribed hours for doing his work, he customarily went to work at about 8:00 a. m. and continued until finished. It further appears that he fell on certain concrete steps leading from the public sidewalk to the church door. It is alleged that the steps were wet and defective and that plaintiff was injured as he was in the act of unlocking such door.

Plaintiff contends that the injury did not arise out of, or within the "scope" of his employment in that he had not yet commenced his duties. He points out that he had to go from the front door to the janitor's room to change his clothes before he began to work.

He further urges that at the time of the injury he was not at a place where the duties of employment would subject him to a hazard to which the public was not exposed, or to a hazard in greater degree than that to which there was public exposure to injury.

It is noted that the Workmen's Compensation Act applies to injuries described as arising out of and in the

466

course of employment. We find no authority which permits the substitution of the term "scope" for the language "in the course of" as stated in the authorities.

■ An injury received on the premises while going to and from the actual duties of employment by a customary or permitted route within a reasonable time before or after performance of specific duties is within the course of employment. The causal connection arises in that the risk is connected with, or incidental to, such duties. Chmelik v. Vana, 31 Ill2d 272, 201 NE2d 434. In that case plaintiff was injured by the driving of a fellow employee while in a parking lot maintained by the employer for the use of employees. Similarly, the Supreme Court has held that an injury received in a fall on an icy parking lot provided by an employer arises out of, and in the course of, employment. Carr v. Industrial Commission, 26 Ill2d 347, 186 NE2d 280; DeHoyos v. Industrial Commission, 26 Ill2d 110, 185 NE2d 885.

■ The admitted fact that plaintiff had mounted the steps and was unlocking the church door while enroute to his duties discloses that the use of such door was either a directed, a customary, or, at least, a permitted method of ingress and egress.

Plaintiff argues that he was injured at a place where the public enjoyed equal exposure to hazard, and that the performance of his duties did not expose him to injury in a way peculiar to his employment, or to a degree greater than the hazard to the public, so that it is error to determine that the Workmen's Compensation Act is an exclusive remedy. He cites Christian v. Chicago & I. M. Ry. Co., 412 Ill 171, 105 NE2d 741; Payne & Dolan v. Industrial Commission, 382 Ill 177, 46 NE2d 925; McField v. Lincoln Hotel, 35 Ill App2d 340, 182 NE2d 905. Such cases essentially concerned instances where the plaintiff had left the employer's premises and was, in fact, upon a public street or sidewalk. See also Hinckley & Schmitt v. Industrial Commission, 391 Ill 577, 63 NE2d 729. In Carr

and DeHoyos the Supreme Court discussed the icy parking lot as an "adjunct" of employers' premises.

The use of the private steps and entrance by the members and guests of the church is not necessarily analogous to, or equated with, the use of walks and streets by the general public. In any event, plaintiff's duties required that he enter and leave the building at times when such was not being used by the members, so that he was required to take the premises as he found them with regard to snow, ice, wetness or other conditions of hazard. This circumstance was peculiar to his employment, and he was thus exposed to greater hazard than other persons regularly using the steps and entrance. Carr v. Industrial Commission, 26 Ill2d 347, 186 NE2d 280; DeHoyos v. Industrial Commission, 26 Ill2d 110, 185 NE2d 885; McField v. Lincoln Hotel, 35 Ill App2d 340, 182 NE2d 905.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.